## HILL *v.* UNITED STATES.

*(Circuit Court, D. Massachusetts.* November 21, 1889.)

CLERK OF COURT—ACTION FOR FEES—NATURALIZATION FEES.

In an action against the United States by the clerk of a district court to recover fees due him, defendant cannot introduce evidence to prove, in the way of counter-claim, that plaintiff has received and failed to account for fees received by him in the naturalization of aliens, since he is not bound to account for such fees.

At Law. Action to recover of the United States fees due plaintiff as clerk.

*John Lovell* and *Lewis S. Dabney,* for plaintiff.

*Owen A. Galvin,* U. S. Atty.

Before COLT and NELSON, **JJ.**

NELSON, J. This is a suit to recover of the United States fees earned by the plaintiff as clerk of the district court of the United States for the district of Massachusetts. At the hearing the following facts were either admitted or proved, and are found by the court:

The plaintiff was appointed clerk of the United States district court for the district of Massachusetts on the 5th day of February, 1879, and duly qualified as such, and gave the necessary bond, and held said office until the 1st day of January, 1888. The plaintiff has transmitted to the attorney general, for each half year while he held said office, a return of the fees and emoluments of said office, verified by oath in the form authorized and required by the attorney general, and on blanks furnished by the department of justice, in which the fees and emoluments earned from the United States, from individuals, and in bankruptcy, have been stated, as likewise his office expenses, with accompanying vouchers, which returns were in each case duly certified by the judge of the United States district court, for the district of Massachusetts, in the manner required and the language set forth in said blank-accounts. The plaintiff has likewise forwarded to the first auditor of the treasury an abstract of compensation due him from government cases and for attendance in court in each half year, with the accompanying vouchers, which abstract was in each case formally proved by him in open court in the presence of the attorney of the United States for the district, as required by law, and was duly allowed by said court, and was duly audited and referred by the auditor to the first comptroller of the treasury. At the May term, 1885, of this court, the United States, by writ dated December 4, 1884, brought an action on his official bond against the plaintiff and his surety, in which the alleged breach of said bond was "that the said Hill has not properly accounted for all moneys coming into his hands as required by law, according to the condition of said bond." This cause was heard by the court on an agreed statement of facts, and on November 14, 1885, the judgment of said court was rendered therein for the defendant. This judgment was, on writ of error sued out by the United States, affirmed by the supreme court. The decision of the circuit court is reported, 25 Fed. Rep. 375, and that of the supreme court is reported, 120 U. S. 169, 7 Sup. Ct. Rep. 510.

At the May term, 1887, of this court, the United States, by writ dated April 29, 1887, brought a second action on his official bond against the plaintiff and his surety, in which the alleged breach of said bond was that "the said Hill has not properly accounted for all moneys coming into his hands, as required by law, according to the condition of said bond." A trial was had to a jury

therein, who rendered a verdict for the defendant, on which judgment for the defendant was given by the court, August 24, 1887. A writ of error sued out by the United States to the said circuit court on this judgment was by the supreme court dismissed. The decision of the supreme court is reported, 123 U. S. 681, 8 Sup. Ct. Rep. 308. In both these cases the breach alleged was that plaintiff had not accounted for fees earned in the naturalization of aliens. The fees earned by the plaintiff from the United States in government cases, and for attendance in court, amount, for the following half years, to the following sums:

| | |
|---|---:|
| For the half year ending June 30, 1883, - - - | $1,116 85 |
| For the half year ending June 30, 1884, - - - | 1,384 37 |
| For the half year ending December 31, 1884, - - - | 1,411 92 |
| For the half year ending June 30, 1885, - - - | 1,064 70 |
| For the half year ending December 31, 1885, - - - | 991 42 |
| For the half year ending June 30, 1886, - - - | 1,129 96 |
| For the half year ending December 31, 1886, - - - | 822 11 |
| For the half year ending June 30, 1887, - - - | 1,166 37 |
| For the half year ending December 31, 1887, - - - | 1,097 27 |

—amounting in the whole to $10,184.97, of which no part has been paid to him. The sum which remains in each of said years, from 1883 to 1887, inclusive, after deducting the plaintiff's necessary office expenses and necessary clerk hire allowed by the attorney general from the total amount of fees and emoluments earned by the plaintiff, and returned by him in his said emolument returns to the attorney general, including the said sums earned and due to him from the said United States, is less than $3,500. For the year 1887, the sum which remains after deducting the plaintiff's necessary office expenses and necessary clerk hire, at the rate allowed by the attorney general, from the total amount of fees and emoluments earned by said plaintiff, and returned by him in his said emolument returns to the attorney general, including the said sums of $1,166.37 and $1,097.27 earned and due to him from the said United States, which fees and emoluments and returns do not include any fees earned from the naturalization of aliens, is the sum of $1,178.71. The fees which the defendant claims the plaintiff is by the laws of the United States authorized to charge for the naturalization of aliens, and for which the defendant claims the plaintiff is therefore by law bound to account to the said United States, amounted for said year 1887 to $2,482. This sum, added to the other fees and emoluments received by the plaintiff, would, if he recovers from the defendant the sums earned by him from said defendant, give the plaintiff, after deducting his necessary office expenses and clerk hire, a sum exceeding $3,500 by $160.71, and the plaintiff consents that the said sum of $160.71 may be deducted from the sums earned by him from the defendant in said year 1887, or may be set off against the sum which the court shall find he is entitled to recover.

The plaintiff's claim has never been rejected or reported on adversely by any court, department, or commission authorized to hear and determine the same. The only objection made by the accounting officers of the treasury department to the plaintiff's accounts was that they did not include fees earned in naturalization cases, and no other objection was made to them at the hearing before this court, and it was conceded by the defendant that in all other respects the accounts were correctly stated. The defendant excepted to the jurisdiction of the court upon the ground that the plaintiff's claim exceeded $10,000, within the meaning of the act of March 3, 1887. (24 St. 505.) But, as the plaintiff in his peti-

tion limited his claim to $10,000, and expressly waived all right to recover a larger sum, the court overruled the exception, and decided that it had jurisdiction to hear and determine the case.

The defendant at the hearing made the following offer of proof:

"The defendant offers to prove that the said Hill has received during his tenure of office large sums of money, as the ordinary and usual fees, from the application of foreigners to be naturalized in the district court of which he was the clerk, and for the issuance of certain certificates of naturalization; for the filing of papers, the administration of oaths, and for other official acts required by law in the naturalization, in due manner, of foreigners. That the said Hill in the proceedings used the official seal of the court, administered oaths as clerk of said court, filed the papers as such, and performed all the acts necessary to make legal such naturalization as such clerk, and that the fees received by said Hill in naturalization cases were so received by him in the usual and ordinary performance of his duties as clerk, in his official character, and with the use of records and machinery of the office. That the clerks in nearly all the district courts, and, in the circuits, the clerks of the circuit courts, have always included fees received by them in naturalization cases in their accounts rendered to the defendant. That the secretary of the interior, as long as such judicial accounts were under his official control, always, when the matter was brought to his attention, insisted upon said clerks so doing. That, since such accounts were transferred to the department of justice, similar action was taken there by the same clerk who audited them in the department of the interior. That, without a single instance of omission on the part of either department, fees received by the clerks of the district and circuit courts in naturalization cases have been claimed as belonging to the defendant, and returns thereof and accounts therefor have been required, and that, if in any returns of such clerks such fees had been omitted, their official return has been demanded when such omissions has been known to said departments. That the omission of the said Hill and his predecessors to make returns of all accounts for such fees was unknown to the said departments examining and allowing such accounts, said departments believing the same to contain all fees received by them in naturalization cases, and that the departments passing upon these accounts were not aware of such omission until an examiner of said department of justice reported thereon in October, 1884. That the district court has approved the emolument returns of the plaintiff, who included therein no fees earned in naturalization cases, and the circuit court has approved the emolument returns of Circuit Clerk Stetson, who included one-half of said fees, retaining the other half himself. Under the third item of the answer, the defendant offers to prove that Hill earned large amounts of fees for the United States from individuals for the naturalization of aliens, and did not return the same in his emolument returns. The defendant offers to prove that the plaintiff failed to account for amounts earned in naturalization cases, amounting during his tenure of office to $20,714. Under the fourth paragraph, the defendant offers to prove that the petitioner is indebted to the United States for official earnings during his tenure of office not accounted for, amounting to a large sum of money, viz., to $20,714, and offers to prove that the petitioner is indebted to the United States amounting in excess of $3,000 per annum during his tenure of office. Under the fifth paragraph, the defendant offers to prove that the petitioner earned for the United States from individuals large sums of money, viz., the sums set forth in the emolument returns rendered by him from time to time since the time of his appointment to the time of his resignation, in 1879, $149; in 1880, $1,086; in 1881, $2,577; in 1882, $969; in 1883, $1,950; in 1884, $3,223; in 1885, $2,694; in 1886, $1,568; in 1887, $2,412; in 1888, $4,086; amounting,

in all, to the sum of $20,714. And also offers to prove that said Hill has received for services in cases of naturalization of aliens during his tenure of office, in 1879, $149; in 1880, $1,086; in 1881, $2,577; in 1882, $969; in 1883, $1,950; in 1884, $3,223; in 1885, $2,694; in 1886, $1,568; in 1887, $2,412; in 1888, $4,086; amounting in all to the sum of $20,714. Under the sixth paragraph, the defendant offers to prove that the fees and emoluments earned for the United States, and unaccounted for during the term of said Hill's tenure of office, were as follows: Fees earned from individuals, viz., naturalization fees collected by the clerk, in gross sum amounting to $20,714; and also which sum was received and earned by said clerk in filing and entering papers, and for divers other clerical duties relating to the naturalization of aliens; for administering oaths or affirmations in naturalization cases; for entering decrees in naturalization cases; for affixing seal of the court. The defendant offers to prove that the fees and emoluments earned for the United States under title 30, Rev. St., by said petitioner, were more than enough to pay said petitioner the sum of $3,500 a year. Under this sixth paragraph, the defendant claims and offers to prove that the fees earned from individuals for the United States, (and included,) if added to the naturalization fees, (not included,) were more than enough to pay said Hill $3,500. Under the seventh paragraph, where Hill sets up refusal of United States to pay, because, etc., the defendant offers to prove that the petitioner has not included in his said returns certain sums of money earned by him for the United States, and payable to the United States, in this: that he did not include in his emolument returns the sums earned by him under title 30, Rev. St., from individuals for official acts, according to section 828, Rev. St., and, as negativing the reason for refusal alleged by Hill, and as assigning a reason therefor, that he has not accounted for large earnings for which he is legally responsible to the government under section 857, Rev. St., namely, the legal fees for naturalization of aliens under United States laws, amounting to $10,357. Defendant also offers to prove that it has been for many years, and during the time of the tenure of office of said Hill it was, the general practice for the accounting officers to require said fees to be included in the emolument returns of clerks of courts of the United States. And the defendant offers to prove further that, Hill being legally accountable for such earnings, no settlement of his accounts has been practicable. The defendant offers to prove that no adjustment, so far as the accounts of the different accounting officers from time to time, charged with the duty of examining and adjusting the accounts of clerks of courts, show, has ever been made in which such inclusion has been knowingly excluded, and that the practice is to include all such fees. On the question of jurisdiction, the defendant offers to prove that Hill owes the United States more than $10,357, made up of fees earned from individuals for the United States, and not accounted for."

The defendant also presented to the court the following requests for rulings in matters of law:

"The defendant asks the court to rule that the returns of fees and emoluments, transmitted by the plaintiff, were not full and complete returns of the fees and emoluments, as provided by law, in that the plaintiff had earned large amounts of fees for the United States from individuals for the naturalization of aliens, and did not include them in said returns. Under Hill's third item, defendant asks the court to rule, as a matter of law, that there is no requirement or authority of law by which a judge of the district court can lawfully pass upon or certify to the accuracy or amount of clerical earnings stated in an emolument return of a clerk; and defendant claims and asks the court to rule, as a matter of law, that that is the specific duty of the attorney general of the United States; and, further, as a matter of law, that the accounts, which

the law requires a judge of the United States court, (and as is in this case a district judge,) to pass upon and certify to the accuracy of, are accounts for services rendered to the United States under act of February 22, 1875, in causes in which the United States is a party in interest or of record. And, further, as a matter of law, that the items of earnings from 'individuals' included in the emolument returns are items for plaintiff to collect from individuals by direction of section 857, Rev. St., and, as a matter of law, these items are not for the official examination or certification of a judge, but are under the exclusive examination and action of the attorney general. Under the seventh paragraph, the defendant asks the court to rule, as a matter of law, that Hill was required to render a full, true, and lawful return of all fees and emoluments of every name and character earned from the United States and for the United States by him, and that he should have included in said returns all fees earned for and payable to the United States, and that he should, as a matter of law, have included in his emolument returns the sums earned by him, under title 30 of the Revised Statutes, from individuals for official acts taxable according to section 828, Rev. St., to-wit, the legal fees for the naturalization of aliens under the United States laws, and that, without such return, no sum can be ascertained to be due to said Hill, for which the said Hill is legally responsible to the defendant, under section 857, Rev. St. That, as a matter of law, the said Hill being legally accountable for such earnings, no settlement of his accounts has been practicable. As to the eighth paragraph, the defendant asks the court to rule, as a matter of law, that the judgment referred to in said suit has no bearing on the present suit, in this: That the questions involved in this suit were not presented by the record in the former suit; that the former suit was upon an agreed statement of facts, which were binding only for the purposes of that suit; that it was erroneously stated in said 'agreed facts' that it had been the practice of the accounting officers of the government not to exact an account of naturalization fees; and that the judgment in said suit was not rendered on the ground that the petitioner was not required to return the amounts earned for the United States, and unaccounted for, in the naturalization of foreigners. As to the ninth paragraph, defendant asks the court to rule, as a matter of law, that the judgment therein referred to was based on the allegation that he, the said Hill, was not required to include in his emolument returns sums that he had unofficially received from individuals in naturalization cases, and was not based on the allegation that said petitioner is required to include in his emoluments returns all his official earnings for the United States from individuals. As to the eleventh paragraph, the defendant claims and asks the court to rule, as a matter of law, that the judgment therein mentioned has no bearing on the present case, for the reasons before recited in the eighth and ninth paragraphs. As to the twelfth paragraph, defendant asks the court to rule, as a matter of law, as heretofore claimed in the decision of the supreme court in *U. S.* v. *Hill*, and the second case, *U. S.* v. *Hill*, in circuit court, is, that certain sums unofficially received by the petitioner, in connection with the naturalization of aliens, are not fees which Hill is required by the law to include in his emolument returns, and the defendant also asks the court to rule, as a matter of law, that said decision is no estoppel by way of judgment or otherwise to his defense in this suit, instituted by Hill, for sums due him, and which indebtedness is denied on the ground that nothing is due Hill who has not accounted for large sums due to the United States, and for which he is legally responsible."

The court declined to receive the proof offered, and declined also to give the rulings prayed for, holding that, as to so much of the plaintiff's claim as accrued prior to the year 1887, the same were immaterial, as

the defendant was concluded by the judgments against it in the suits referred to in the findings of fact, and that the plaintiff was not bound to account in this suit to the defendant for fees arising in naturalization cases. The proof and rulings were also immaterial as to so much of the plaintiff's claim as accrued in the year 1887, as the plaintiff consented at the hearing to have deducted from his claim the sum of $160.71, which was all the defendant would be entitled to have deducted upon its own theory of the law and facts in the case. The plaintiff is entitled to have judgment entered in his favor for $9,839.29, and costs taxed in accordance with section 15 of the act of March 3, 1887. (24 St. 508.)

COLT, J. I concur in the conclusions of Judge NELSON, in this case. The question of Hill's accountability to the United States for moneys alleged to have been earned by him as clerk of the district court in naturalization cases was determined by this court and by the supreme court in the case of U. S. v. Hill, reported in 25 Fed. Rep. 375, and 120 U. S. 169, 7 Sup. Ct. Rep. 510. In that case it was contended that Hill, as clerk of the district court, had received certain moneys in naturalization cases for which he should account to the United States in his emolument returns, and especially that he should account to the extent of his earnings in such cases under the fee bill of 1853, but the supreme court decided that Hill had received no moneys in naturalization cases to be accounted for in his emolument returns, and that the fee bill was not applicable to such cases. In the present case the defense is made to the plaintiff's claim that he has earned certain fees in naturalization cases which he has not included in his emolument returns. As the supreme court has decided that the fee bill is not applicable to naturalization cases, the offer of proof that Hill had performed certain acts, alleged or claimed as under the fee bill, by which he earned emoluments in such cases, was properly rejected, and the request for rulings, in effect, that Hill is accountable for earnings in naturalization cases under the fee bill, was properly denied. Judgment for plaintiff.