Carl W. STONE, Sr., Appellant

v.

UNITED STATES of America.

No. 81–1943.

United States Court of Appeals, District of Columbia Circuit.

Argued April 16, 1982.

Decided July 9, 1982.

---

**450**

Robert A. Prince, Augusta, Ga., with whom William E. Casselman, II, Washington, D. C., was on the brief, for appellant.

John Oliver Birch, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., Washington, D. C., at the time the brief was filed, and Royce C. Lamberth, Kenneth M. Raisler, and Michael J. Ryan, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Keith A. Rosenberg, Washington, D. C., was on the brief for amici curiae Seventy Army Reserve Officers in support of appellant.

Before WRIGHT and MIKVA, Circuit Judges, and BAZELON, Senior Circuit Judge.

Opinion for the court filed by Circuit Judge J. SKELLY WRIGHT.

J. SKELLY WRIGHT, Circuit Judge:

The Tucker Act, 28 U.S.C. § 1346(a)(2) (1976), gives jurisdiction to the United States District Courts, concurrent with the United States Court of Claims, over back pay claims by government employees not exceeding $10,000 in amount. Cases seeking larger amounts must be brought in the Court of Claims, but plaintiffs may waive all claims in excess of $10,000 in order to remain within the jurisdiction of the District Court. In this case we hold that, when a plaintiff seeks government back pay and other monetary allowances, with a deduction for civilian earnings, a waiver of any net recovery in excess of $10,000 is sufficient to establish the District Court's jurisdiction.

## I. THE JURISDICTION OF DISTRICT COURTS UNDER THE TUCKER ACT

The United States Court of Claims[1] was established by Congress as a specialized tribunal to decide several categories of monetary claims brought by private parties against the United States government. *See generally Glidden Co. v. Zdanok*, 370 U.S. 530, 552–558, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962). In 1887 Congress passed the Tucker Act, which extended the jurisdiction of the Court of Claims and gave the regular federal courts concurrent jurisdiction over smaller claims against the federal government. Claims up to $1,000 were made cognizable in the District Courts; causes of action between $1,000 and $10,000 were placed within the jurisdiction of the Circuit Courts. Act of March 3, 1887, ch. 359, § 2, 24 Stat. 505. A person with a relatively small claim was thus given the option of bringing an action in the district of his residence rather

---

1. Effective October 1, 1982 the trial jurisdiction of the Court of Claims will be assumed by a new United States Claims Court; appeals will be taken to the newly-established United States Court of Appeals for the Federal Circuit. Federal Courts Improvement Act of 1982, Pub. L.No. 97–164, 96 Stat. 25.

than having to pursue it in the Court of Claims in Washington, D. C. *See* 1 J. MOORE, FEDERAL PRACTICE ¶ 0.65[2.–3] (2d ed. 1982).

Over the years Congress has modified the categories of claims cognizable under the Tucker Act in the Court of Claims and in the regular federal courts.[2] When the Circuit Courts were abolished in 1911, the District Courts received concurrent jurisdiction with the Court of Claims over Tucker Act claims not exceeding $10,000, with specified exceptions. Act of March 3, 1911, ch. 231, § 24, 36 Stat. 1087, 1093. But the basic structure established in 1887 still exists: the Tucker Act places a monetary ceiling on claims against the United States which may be brought in the District Courts. 28 U.S.C. § 1346(a)(2) (1976).

Shortly after passage of the Tucker Act, *Hill v. United States*, 40 F. 441 (C.C.D.Mass. 1889), established that the amount of a claim, for jurisdictional purposes, depended on the monetary recovery sought by the plaintiff. Even if a litigant's claim was worth more than $10,000, if he voluntarily waived his right to recover more than $10,000 he could remain within the jurisdiction of the regular federal courts, and would not be compelled to litigate in the Court of Claims. Such waivers are now well established in the Tucker Act case law. *See, e.g., United States v. Johnson*, 153 F.2d 846, 848 (9th Cir. 1946); *Sutcliffe Storage & Warehouse Co. v. United States*, 162 F.2d 849, 853 (1st Cir. 1947); *Perry v. United States*, 308 F.Supp. 245, 247 (D.Colo.1970), *aff'd on other grounds*, 442 F.2d 353 (10th Cir. 1971); *Jones v. United States*, 127 F.Supp. 31, 33 (E.D.N.C.1954); *see generally* 1 J. Moore, *supra*, ¶ 0.65[2.–3] at 700.103 n.3; 14 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3567 AT 219 (1976).

## II. STATEMENT OF THE CASE

This case requires us to decide, in the specific context of a back pay claim involving deduction of civilian earnings, what constitutes a waiver sufficient to preserve the jurisdiction of the District Court under the Tucker Act. Appellant Stone waived any net recovery over $10,000 after deducting civilian earnings from back pay and other allowances. The government asserted, and the District Court agreed, that this waiver was inadequate because a plaintiff must waive all gross claims in excess of $10,000 without regard to offsets or deductions.[3]

---

**2.** Between 1898 and 1964 the Tucker Act expressly excluded claims by federal officers and employees for salary or compensation from the jurisdiction of the regular federal courts. Act of June 27, 1898, ch. 503, § 2, 30 Stat. 494; *see* 62 Stat. 869, 933 (1948) (codification of Judicial Code) (*codified at* 28 U.S.C. § 1346(d)(2) (1952)). In 1964, however, Congress repealed this limitation, thereby giving the District Courts jurisdiction over back pay claims such as the one involved in this case, as long as they did not exceed $10,000. Act of Aug. 30, 1964, Pub.L.No. 88–519, 78 Stat. 699 (1964). As the 1964 legislative history expressly recognizes, in conjunction with the District Courts' jurisdiction under 28 U.S.C. § 1361 to order reinstatement of improperly discharged employees, the 1964 amendment enabled the District Courts "to do complete justice as efficiently and inexpensively as possible" by considering both compensation and reinstatement in a single action. S.Rep.No. 1390, 88th Cong., 2d Sess. 2 (1964); *see* H.R.Rep.No. 1604, 88th Cong., 2d Sess. 2 (1964). Thus, although the Tucker Act itself does not give the District Courts jurisdiction to grant nonmonetary relief, *Lee v. Thorn-*

ton, 420 U.S. 139, 140, 95 S.Ct. 853, 43 L.Ed.2d 85 (1975), an express Tucker Act grant would be redundant.

Until 1972 the Court of Claims was limited to awarding monetary damages. In order to allow persons bringing back pay claims in the Court of Claims to obtain all necessary relief in one action, in 1972 Congress expressly empowered the Court of Claims to award collateral relief including reinstatement and correction of records in back pay cases. Act of Aug. 29, 1972, Pub.L.No. 92–416, § 1, 86 Stat. 652 (*codified at* 28 U.S.C. § 1491 (1976)). As a result both the District Court and the Court of Claims may give full relief in improper discharge cases within their respective jurisdictions. *Larsen v. Hoffman*, 444 F.Supp. 245, 252 (D.D.C.1977); 1 J. MOORE, FEDERAL PRACTICE ¶ 0.65[2.–3] at 700.110.111 (2d ed. 1982).

**3.** A hypothetical example illustrates the difference between the two approaches. Assume that a plaintiff would have received $50,000 in government salary but, after his wrongful discharge, earned $41,000 in a civilian job. If a

On November 20, 1975 appellant Stone, then a captain in the United States Army Reserve, was released from active duty pursuant to Army regulations because he had not been selected for promotion by two successive Promotion Selection Boards. Although 10 U.S.C. § 266 (1976) requires that reserve officers be included on selection boards which consider reserve officers for promotion, in 1974 and 1975 these boards consisted entirely of regular Army officers. Appellant therefore contends that his release from active duty in 1975 was illegal. He further asserts that the Army's subsequent establishment of reconstituted selection boards for 1974 and 1975, which included reserve officers, did not cure the defect.[4]

Stone filed a complaint in the United States District Court for the District of Columbia on June 4, 1981, seeking reinstatement on active duty, correction of his military records, and monetary relief—active duty pay and allowances, pay for accrued leave, and compensation for actual medical and dental expenses (hereinafter "gross back pay")—with a deduction for his civilian earnings. The complaint waived any net recovery in excess of $9,999.99. Appendix to appellant's brief (App.) at 4. Contending that the District Court lacked jurisdiction over the case under the Tucker Act because the waiver was inadequate, the government moved to dismiss the case or in the alternative to transfer it to the Court of Claims pursuant to 28 U.S.C. § 1406(c) (1976).[5]

On August 10, 1981 the District Court granted the motion to transfer, stating in a brief memorandum opinion that it lacked jurisdiction over the case because "[p]laintiff's complaint does not properly waive all gross claims in excess of $10,000 against the United States. Instead, it only waives any claim in excess of $10,000 for the amount remaining after deductions of a set-off for his civilian earnings." App. at 6–7.

### III. Sufficiency of Appellant's Waiver

We conclude that the District Court erred in holding that appellant's waiver was inadequate. In the context of a back pay claim, in which civilian earnings and readjustment pay must be deducted from gross back pay to determine the amount to which a plaintiff is entitled, it is sufficient to waive any net recovery in excess of $10,000. Stone's waiver reduced his claim to a "claim against the United States, not exceeding $10,000 in amount," within the meaning of the Tucker Act. 28 U.S.C. § 1346(a)(2) (1976).

Our determination is based on the nature of a back pay claim brought by a former government employee alleging wrongful discharge. By analogy to the law of contract, he may recover only the amount of his actual monetary loss. Compensation is designed to put him in as good a monetary position as he would have enjoyed if he had not been illegally dismissed

---

net waiver is sufficient, he may remain in District Court without relinquishing any of his claim, because his net recovery would be $9,000. In contrast, if a waiver of all gross claims exceeding $10,000 is required, he must waive $40,000 of the gross back pay, leaving $10,000, but the government would still be able to claim an offset of $40,000. Under the gross waiver theory the plaintiff in this hypothetical would be compelled to sue in the Court of Claims to obtain any monetary recovery.

4. This court, the Fifth Circuit, and the Court of Claims have reached various conclusions regarding the validity of the promotion decisions made by the reconstituted selection boards. *See Jones v. Alexander*, 609 F.2d 778 (5th Cir.), *cert. denied*, 449 U.S. 832, 101 S.Ct. 100, 66 L.Ed.2d 2037 (1980); *Dilley v. Alexander*, 603

F.2d 914 (D.C.Cir.1979); *Doyle v. United States*, 599 F.2d 984 (Ct.Cl.1979), *cert. denied*, 446 U.S. 982, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980). If 28 U.S.C. § 1346(a)(2) (1976) gives the District Court jurisdiction over Stone's claim, he is entitled to bring his case in that court even if other courts might reach different results.

5. 28 U.S.C. § 1406(c) (1976) provides:

(c) If a case within the exclusive jurisdiction of the Court of Claims is filed in a district court, the district court shall, if it be in the interest of justice, transfer such case to the Court of Claims, where the case shall proceed as if it had been filed in the Court of Claims on the date it was filed in the district court.

from government service. *See* C. McCOR-MICK, HANDBOOK OF THE LAW OF DAMAGES § 40 (1935) (remedies for breach of contract); Restatement (Second) of Contracts § 347, comment *a* (1981). If he had continued in his government job, he would not have been able to earn a salary in another position, because government employees are required to devote their "complete services and undivided attention" to government service during working hours. *Craft v. United States,* 589 F.2d 1057, 1068 (Ct.Cl. 1978). Therefore, any amounts earned in civilian employment during the period of his illegal separation from government service must be deducted from gross back pay. *See* 5 A. Corbin, Contracts § 1041 (1964) (gains made possible by defendant's breach); C. McCormick, *supra,* § 40; RESTATEMENT (SECOND) OF CONTRACTS, *supra,* § 347, comment *e,* illustration 13.[6]

Deduction of civilian earnings from gross back pay is not a set-off or counterclaim in the traditional sense.[7] As the Court of Claims explained in a wrongful discharge case brought by a former military officer, "Although parties, and occasionally courts, sometimes refer to the deduction of civilian earnings in wrongful discharge pay cases as a setoff, traditionally this kind of deduction has been characterized as more analogous to mitigation of damages used as an offset against contracted-for salary." *Motto v. United States,* 360 F.2d 643, 645 (Ct.Cl. 1966); *see Craft v. United States, supra,* 589 F.2d at 1068; 1 T. SEDGWICK, A TREATISE ON THE MEASURE OF DAMAGES § 63 (9th ed. 1920) (allowance for benefits resulting from defendant's wrongful act is not a recoupment or set-off). Unlike a genuine set-off, deduction of civilian earnings does not arise from an independent cause of action that would be maintainable by the government. Even if appellant's civilian earnings exceeded gross back pay in amount, the government is not entitled to an affirmative recovery. *Dilley v. Alexander,* 627 F.2d 407, 415 (D.C.Cir.1980); *Craft v. United States, supra,* 589 F.2d at 1068.

The amount of civilian earnings is simply one of the factors that the court must use in calculating appellant's entitlement to monetary compensation. For this reason we hold that, in a back pay case, a plaintiff may remain in District Court under the Tucker Act if he limits his prayer for relief to a net monetary recovery of $10,000 or less after deduction of civilian earnings and other amounts arising directly from the discharge. Consistent with this conclusion, *VanderMolen v. Stetson,* 571 F.2d 617, 627 (D.C.Cir.1977), a back pay case, applied plaintiff's waiver to the sum remaining after deduction of civilian earnings. Noting that plaintiff had waived all claims in excess of $10,000, *id.* at 619 n.2, the court instructed the District Court to award plaintiff as damages "the back pay to which he is entitled from the date of his separation from the Air Force, less appropriate offsets, * * * the total not to exceed $9,999.99." *Id.* at 627.

The District Court, reaching the opposite result, relies on *Larsen v. Hoffman,* 444 F.Supp. 245 (D.D.C.1977). In *Larsen* plaintiffs contended that they were entitled to remain in District Court even though their gross back pay claims clearly exceeded $10,-000, because deduction of civilian earnings and other offsets would reduce their ultimate recovery below $10,000. The District Court specifically noted that plaintiffs had

---

**6.** Similarly, if appellant had not been discharged he would not have received readjustment pay pursuant to 10 U.S.C. § 687(a) (1976). Therefore, as this court has recognized, to determine the measure of appellant's recovery the readjustment pay should be subtracted from the gross back pay he would have received if he had remained in military service. *Dilley v. Alexander,* 627 F.2d 407, 414–415 (D.C.Cir.1980).

**7.** Our holding today is limited to back pay claims from which civilian earnings and other offsets must be deducted to arrive at the appropriate measure of damages. If the government has independent counterclaims and set-offs which would be maintainable in a separate action, appellant might be required to waive all gross claims in excess of $10,000 rather than net recovery. *See Hill v. United States,* 40 F. 441, 442, 446 (C.C.D.Mass.1889) (waiver of gross claims in excess of $10,000; deduction of independent set-off from $10,000 amount).

not waived any claims in excess of $10,000. *Id.* at 253 n.14. The court rejected their position and ordered the case transferred to the Court of Claims, finding that each plaintiff's claim exceeded $10,000. Referring by analogy to the $10,000 jurisdictional minimum in federal question and diversity cases, and examining the language of various provisions of the Tucker Act, the court concluded that "the amount of a plaintiff's claim, unaided and undiminished by possible counterclaims, set-offs and other demands of the United States, must be dispositive of the question of jurisdictional amount under the Tucker Act." *Id.* at 254. This premise may have been correct, but the court erred in characterizing the deduction of civilian earnings and other amounts as a counterclaim or set-off. Rather, these sums are elements entering into the court's calculation of the amount of a plaintiff's claim.

 Although the Tucker Act authorizes the District Court to award judgment up to $10,000 after deduction of civilian earnings from gross back pay, the plaintiff has the burden of establishing that his case lies within the jurisdiction of the court. A complaint alleging gross back pay claims in excess of $10,000 does not establish an adequate basis for District Court jurisdiction unless the complaint also states the amount of civilian earnings and other deductions and waives any claim to net recovery exceeding $10,000.[8] We find that in the present case the plaintiff's express waiver was sufficient to bring his case within the District Court's jurisdiction.

## IV. CONCLUSION

We therefore vacate the District Court's order transferring this case to the Court of Claims and remand to the District Court for further proceedings. *See* note 2 *supra* (District Court's jurisdiction to grant monetary and equitable relief in a single action).[9]

*So ordered.*

---

**8.** Generally a plaintiff's waiver should be set forth in the initial pleadings. The court may make an exception, however, if the issue of jurisdictional amount does not arise until a subsequent stage in the proceedings. *See Wolak v. United States*, 366 F.Supp. 1106, 1109–1110 (D.Conn.1973); *Rivoli Trucking Corp. v. United States*, 221 F.Supp. 532, 533 (S.D.N.Y. 1963). *Contra, McClendon v. Blount*, 452 F.2d 381, 383 (7th Cir. 1971).

**9.** Because we find that Stone's waiver was adequate to establish District Court jurisdiction under the Tucker Act, we need not reach the government's contention that no other basis for jurisdiction exists. The government's contentions regarding the mandamus jurisdiction do not preclude the equitable relief sought by appellant—reinstatement and correction of military records—which would be collateral to an award of back pay. *See* note 2 *supra.*