**Harold WEISBERG**

v.

**U.S. DEPARTMENT OF JUSTICE, Appellant.**

**Harold WEISBERG, Appellant,**

v.

**U.S. DEPARTMENT OF JUSTICE.**

**Harold WEISBERG**

v.

**U.S. DEPARTMENT OF JUSTICE, Appellant.**

**Harold WEISBERG, Appellant,**

v.

**U.S. DEPARTMENT OF JUSTICE.**

**Nos. 82–1229, 82–1274, 83–1722 and 83–1764.**

United States Court of Appeals, District of Columbia Circuit.

June 4, 1985.

As Amended July 31, 1985.

James H. Lesar, Washington, D.C., was on the Petition for Rehearing for appellant/cross-appellee Weisberg and the supplemental briefs in connection therewith.

Leonard Schaitman, John S. Koppel, Dept. of Justice, Washington, D.C., with whom Richard K. Willard, Acting Asst. Atty.Gen., and Stanley S. Harris, U.S.Atty., Washington, D.C., were on the supplemental briefs for appellee/cross-appellant Dept. of Justice.

Before MIKVA, BORK and STARR, Circuit Judges.

Opinion PER CURIAM.

Dissenting opinion filed by Circuit Judge BORK.

PER CURIAM:

This motion for rehearing grows out of what was, at bottom, a FOIA case that also contained a less substantial contract claim against the Department of Justice. We decided all issues on appeal in favor of the Department of Justice, *see Weisberg v. Department of Justice,* 745 F.2d 1476 (D.C. Cir.1984), whereupon Mr. Weisberg peti-

tioned for rehearing. After the petition was filed, we ordered, *sua sponte*, briefing on the question of the effects, if any, of the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25 (1982) ("1982 Act"), on this court's jurisdiction over this case. The 1982 Act established the United States Court of Appeals for the Federal Circuit and conferred upon that court exclusive jurisdiction over appeals of several categories of cases including those involving patents and government contract claims. Specific reference was made in our order to section 403(e) of the 1982 Act, which provides: "Any case in which a notice of appeal has been filed in a district court of the United States prior to the effective date of this Act shall be decided by the court of appeals to which the appeal was taken." *Id.* at 58.

The jurisdictional issue has now been fully briefed. In its submission, the Department of Justice maintains that, since a notice of appeal was filed prior to the effective date of the 1982 Act, this court's jurisdiction is not affected by that statute. Mr. Weisberg demurs, arguing that that notice of appeal was with regard to issues over which this court had no jurisdiction. He maintains that only a later filing of notices

of appeal, after the effective date of the 1982 Act and after the District Court had vacated its earlier orders and changed its position on Mr. Weisberg's .contract claim, was effective to grant jurisdiction; thus, he concludes, this court's jurisdiction is divested by the 1982 Act.

We need not determine whether we would have had jurisdiction had we heard this case at the time of the first filing. We ground our decision instead on the literal language of the 1982 Act. That statute by its terms simply does not apply to "[a]ny case where a notice of appeal had been filed" prior to the measure's effective date. A notice of appeal was filed before that date, which is all that is required.* Whatever the jurisdictional status at the time the original notice was filed, we did, under any analysis *not* involving the Federal Courts Improvement Act, have jurisdiction at the time of our decision, and by virtue of section 403(e), the 1982 Act does not destroy that jurisdiction.

Congress provided a rather detailed scheme for the orderly transition of jurisdiction over the appeals of certain claims to the United States Court of Appeals for the Federal Circuit. *See id.* at 57–58. One

---

* The dissent relies on *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), for the proposition that the early notice of appeal on which we base our conclusion cannot carry that burden. *Griggs* does state that a notice of appeal, filed while there is a pending motion under Fed.R.Civ.P. 59, has no effect to transfer jurisdiction from the district court to the court of appeals; "it is as if no notice of appeal were filed at all." *Id.* at 61, 103 S.Ct. at 403. However, we do not believe that the *Griggs* holding controls our decision here. We are not faced with the spectre of a United States District Court and a Court of Appeals asserting jurisdiction over a case simultaneously, which was of course the concern informing the 1979 amendments to the Federal Rules of Appellate Procedure and the situation specifically before the Court in *Griggs.* Rather, we confront the much different issue of the channeling mechanism in the Federal Courts Improvement Act of 1982 as to whether an appeal will be heard by the traditional appellate forum or by the newly created Court of Appeals for the Federal Circuit. We also note in this respect that *Griggs* was decided after the passage of the Federal Courts Improvement Act, and thus Congress could not, of course, be charged

with an awareness of *Griggs'* teaching in fashioning its bright line notice-of-appeal test in section 403. Section 403(e) of that Act requires merely that a notice of appeal have been filed. It simply does not require an effective notice of appeal, and we see no reason to read *Griggs'* teaching into this entirely disparate setting. We note in this regard that *Griggs* does not state that the filing of a premature notice of appeal is not a filing of a notice of appeal at all but merely that it is "as if" no notice had been filed. The use of "as if" clearly recognizes that it was a notice of appeal that was filed, while indicating that it is to be given no jurisdictional effect. To carry the timing requirements of *Griggs* over to the case at hand would read more into the requirements of section 403(e) than is in fact there.

We wish to emphasize the narrow scope of our holding. Our decision should not be read in any fashion as an interpretation of Fed.R. App.P. 4 or as disagreeing with any of the cases interpreting that rule. That issue and the accompanying body of law are simply not before us. We limit ourselves narrowly and solely to an interpretation of the specific channeling requirements of section 403(e) of the Federal Courts Improvement Act.

part of that scheme depended on the existence of a notice of appeal. We cannot conclude that Congress intended to require that such notice be valid in the sense that the issue appealed be within the proper jurisdiction of the court to which the appeal was taken. Such a conclusion would replace the bright-line test of the existence of a notice of appeal, a test which provides clear guidance in the transfer of jurisdiction, with a murky test requiring a legal determination of the validity of the notice of appeal.

For the foregoing reasons, the petition for rehearing is

*Denied.*

BORK, Circuit Judge, dissenting:

This case concerns the proper interpretation of section 403(e) of the Federal Courts Improvement Act of 1982 ("FCIA" or "Act"). The section in question makes October 1, 1982, the effective date of the FCIA and states that the Act does not apply to "any case in which a notice of appeal had been filed in a district court of the United States prior to the effective date of th[e] Act." Pub.L. No. 97–164, § 403(e), 96 Stat. 25, 58 (1982). In the present case, two notices of appeal were filed before October 1, 1982 and four were filed thereafter. Accordingly, we must decide whether the early filing of the first two notices of appeal suffices to preclude application of the FCIA.

Consideration of these issues requires a brief review of the procedural history of this case in the district court. On December 1, 1981, the district court filed an order and memorandum opinion, disposing of pending Freedom of Information Act ("FOIA") issues, ruling that appellant Weisberg had "substantially prevailed" in the litigation, and granting Weisberg's motion for an order requiring the Department of Justice ("DOJ") to pay him a consultancy fee. The court also granted a motion by DOJ for summary judgment on the merits of Weisberg's FOIA claims. DOJ moved for reconsideration, and on January 5, 1982 the motion was denied. On January 15, 1982, Weisberg filed a timely motion under

Fed.R.Civ.P. 59(e) to amend the orders of December 1, 1981 and January 5, 1982. This motion tolled the time for taking an appeal under Fed.R.App.P. 4(a)(4), which provides that "[a] notice of appeal filed before the disposition of [such motion] shall have no effect." *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam). Notwithstanding the pending Rule 59(e) motion, DOJ filed a notice of appeal in our court on March 3, 1982, and on March 12, 1982, Weisberg cross-appealed. On April 8, 1982, we stayed this first round of appeals so that the district court could dispose of the various outstanding motions.

On January 20, 1983 (over three months after the FCIA had gone into effect) the district court issued a memorandum opinion awarding attorneys' fees and costs to Weisberg and *vacating* its previous orders requiring DOJ to pay Weisberg a consultancy fee. Weisberg subsequently filed a motion for partial reconsideration, and, notwithstanding the pending motion, a second round of appeals and cross-appeals were filed in March and April of 1983. We dismissed these notices of appeal since we lacked jurisdiction over the case at that time. We properly concluded that, in light of Weisberg's pending motion for partial reconsideration, the district court was still exercising jurisdiction over the case in the spring of 1983.

On April 29, 1983, the pending motion for reconsideration on the consultancy issue was denied by order and memorandum opinion. A third round of appeals and cross-appeals were then filed in June and July of 1983. We heard oral argument on May 8, 1984 and on October 5, 1984 we issued an opinion deciding all issues in favor of DOJ. *Weisberg v. Department of Justice*, 745 F.2d 1476 (D.C.Cir.1984). Subsequently, Weisberg petitioned for rehearing, and we, *sua sponte*, requested supplemental briefing on various jurisdictional issues. After reviewing the supplemental briefs, it appears that we may have lacked jurisdiction from the outset over this appeal.

As I stated above, section 403(e) of the FCIA provides that the Act does not apply to "any *case* where *a* notice of appeal had been filed ... prior to the effective date of th[e] Act." Pub.L. No. 97–164, § 403(e), 96 Stat. 25, 58 (emphasis added). In this case two notices of appeal were filed before the effective date of the Act and four were filed thereafter. The majority contends that the FCIA does not apply because of the timing of the first two notices of appeal. This is an overly literal reading of section 403(e) which is at odds with the Federal Rules of Appellate Procedure and with Supreme Court precedent.

It is clear from reviewing the procedural history of this dispute that the district court retained jurisdiction over the case until the third round of appeals were filed in the summer of 1983. In its memoranda opinions filed on January 20, 1983 and on April 29, 1983, the district court *vacated* its initial orders and changed its position on the consultancy fee issue. The January 20 opinion resolved the attorneys' fee claim which was one of the more significant legal issues in the case. Accordingly, the district court was clearly exercising jurisdiction over this case until well after October 1, 1982 and indeed resolved major legal questions after that date.

For this reason alone, I am inclined to think that only the third round of notices of appeal were operative for the purposes of section 403(e). The essential act of transferring jurisdiction from the district court to the Court of Appeals occurred well after October 1, 1982. I see no reason to think that the authors of section 403(e) would have intended us to adopt a literal and wooden construction of section 403(e).[1] Here, the FCIA had already been in effect for *nine months* when the parties misfiled in our court final notices of appeal that should probably have been filed, as provided by the FCIA, in the Court of Appeals for the Federal Circuit.

My belief that section 403(e) does not apply to this case is confirmed by the Supreme Court's decision in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225. In that case, the Supreme Court indicated that "[t]he filing of a notice of appeal *is an event of jurisdictional significance*—it confers jurisdiction on the court of appeals and divests the district court of its control of those aspects of the case involved in the appeal." *Id.* at 58, 103 S.Ct. at 402 (emphasis added). Accordingly, notices of appeal that are filed while Rule 59 motions are pending should be treated as "nullities" according to the Supreme Court. *Id.* at 61, 103 S.Ct. at 403. For this reason, I am persuaded that in the present case the first and second rounds of notices of appeal were invalid because they were filed while Rule 59 motions were pending and were not of jurisdictional significance.[2] Indeed, we have already so held with respect to the second round of

---

**1.** The majority claims that we should apply § 403(e) even to notices of appeal that are clearly invalid under Fed.R.App.P. 4(a)(4) and *Griggs*. Maj. op. at 1437 n. *. I reject this conclusion because there is nothing in the language or legislative history of § 403(e) that suggests it intended to alter the description in the Federal Rules of Appellate Procedure of what constitutes a valid notice of appeal. The federal rules make it clear that we should not attach the same legal significance to all pieces of paper that purport to be and are labelled notices of appeal. Only those notices of appeal which meet the sensible requirements imposed by Rule 4(a)(4) should carry any legal significance.

Under the majority's reading, the transition provisions of § 403(e) are triggered by any piece of paper that is labelled a notice of appeal—no matter how invalid. Thus, the majority would presumably invoke § 403(e) if a document purporting to be a "notice of appeal" had been filed before October 1, 1982 from an interlocutory order, a discovery order, or even a complaint. This holding ignores the fact that the statutory term "notice of appeal" is a term of art with a settled legal meaning. The majority errs in presuming that the authors of § 403(e) would have us attach legal significance to documents that are labelled "notices of appeal" but are invalid under Rule 4(a)(4).

**2.** Under Fed.R.App.P. 4(a)(4), any notice of appeal that is filed while a Rule 59 motion is pending has no legal significance. Indeed, Rule 4(a)(4) explicitly provides that

[i]f a timely motion ... is filed in the district court by any party: ... (iii) under Rule 59 to alter or amend the judgment ... the time for appeal for all parties shall run from the entry of the order ... granting or denying ... such motion. *A notice of appeal filed before the disposition of ... the above motion[] shall have no effect.* A new notice of appeal must be filed within the prescribed

notices of appeal which were filed in March and April of 1983.

Given that only the third round of notices of appeal was valid, it is clear that the FCIA may apply to this case notwithstanding the transition provisions of section 403(e). The FCIA provides that the Court of Appeals for the Federal Circuit shall have exclusive jurisdiction over any appeal "from a final decision of a district court . . . if the jurisdiction of that court was based, *in whole or in part,* on [the Tucker Act]." 28 U.S.C. § 1295(a)(2) (1982) (emphasis added). In this case, the district court purported to exercise jurisdiction over Weisberg's contract claim under the Tucker Act, and we stated in our panel opinion that "[t]he District Court properly exercised jurisdic-

> time measured from the entry of the order disposing of the motion as provided above. Fed.R.App.P. 4(a)(4) (emphasis added).

**3.** Indeed, Weisberg actually waived the amount of his contract claim exceeding $10,000 so that the district court could exercise its Tucker Act jurisdiction. 745 F.2d at 1493 n. 29; *see also Stone v. United States,* 683 F.2d 449, 452 (D.C. Cir.1982) (waiver of excess over $10,000 sufficient to allow district court to exercise its concurrent jurisdiction under Tucker Act).

**4.** DOJ claims in the alternative that we should retain jurisdiction over this appeal because the district court acted improperly in asserting its jurisdiction over Weisberg's contract claim pursuant to the Tucker Act. Supplemental Brief for the Appellee/Cross-Appellant at 2–3 n. 1. According to DOJ Weisberg's contract claim was "so deficient on its face that the court lacked subject matter jurisdiction." *Id.; see McNutt v. General Motors Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1935) (plaintiff must establish relevant facts supporting court's jurisdiction); *Kania v. United States,* 650 F.2d 264, 267–69, 227 Ct.Cl. 458 (1981) (dismissing contract claim for lack of subject matter jurisdiction where plaintiff failed to establish the authority of the government official with whom he allegedly contracted). DOJ maintains that here, as in *Kania,* it is apparent beyond dispute that the relevant government officer lacked authority to enter into a contract with Weisberg. In our panel opinion, we noted the existence of the authority issue but declined to reach it because we had resolved the contract claim on other grounds. 745 F.2d at 1493 n. 30.

I agree with DOJ that a substantial issue exists as to whether Weisberg's contract claim was so deficient on its face that the district court lacked

tion over appellant's claim pursuant to [the Tucker Act]." 745 F.2d at 1493 n. 29.[3] Accordingly, it appears that the Federal Circuit may have exclusive jurisdiction over this entire appeal and that we may have decided a case which we had no power to decide.[4]

Because I disagree with the majority's conclusion that this case falls within the transition provisions of section 403(e), I respectfully dissent. I express no opinion, however, on whether this appeal should be transferred to the Federal Circuit since I cannot determine on the present record whether the district court acted properly in asserting subject matter jurisdiction over a part of this case under the Tucker Act. *See supra* note 4.

subject matter jurisdiction over that claim under the Tucker Act. *See* Brief for Appellee at 37 n. 14. I also agree with DOJ that the FCIA would not control this appeal if the district court was mistaken in its belief that it had subject matter jurisdiction over the contract claim under the Tucker Act. Nonetheless, I am reluctant to determine, without further briefing, whether Weisberg's argument on the authority issue was so clearly deficient that he had failed to establish the district court's subject matter jurisdiction. DOJ has only briefed this complex issue in two footnotes, *id.;* Supplemental Brief for the Appellee/Cross-Appellant at 2–3 n. 1, and has not yet had an opportunity to respond fully to Weisberg's counter-arguments in his main brief. *See* Reply Brief and Cross-Appellee's Brief for Weisberg at 63–66. In addition, neither DOJ nor Weisberg has briefed the difficult question of whether the district court had Tucker Act jurisdiction over Weisberg's promissory estoppel claim. *Compare National Juvenile Law Center v. Regnery,* 738 F.2d 455, 466–67 (D.C.Cir.1984), *with Jablon v. United States,* 657 F.2d 1064 (9th Cir.1981).

In light of the complexity of these issues, the need for further briefs, and the majority's disposition of the case pursuant to § 403(e), I express no opinion at this time on whether the district court acted correctly in asserting subject matter jurisdiction over a part of this case under the Tucker Act. Moreover, in light of the majority's holding on § 403(e), no purpose would be served by requesting further supplemental briefs at the present time. Of course, if the district court did act correctly in asserting Tucker Act jurisdiction, I would be compelled to vote to grant the petition for rehearing, to vacate our panel opinion of October 5, 1984, and to transfer this case to the Federal Circuit pursuant to 28 U.S.C. § 1631 (1982).