Bobby GOBLE, Appellant

v.

John O. MARSH, Jr., Individually and in
His Capacity as Secretary of the
Army, et al.

Frank J. PRESTON, Appellant

v.

John O. MARSH, Jr. et al.

Nos. 81–2151, 81–2156.

United States Court of Appeals,
District of Columbia Circuit.

Argued April 16, 1982.

Decided July 9, 1982.

Keith A. Rosenberg, Washington, D. C.,
for appellants.

John Oliver Birch, Asst. U. S. Atty.,
Washington, D. C., with whom Stanley S.
Harris, U. S. Atty., Washington, D. C., and
Royce C. Lamberth, Kenneth M. Raisler,
and Michael J. Ryan, Asst. U. S. Attys.,
Washington, D. C., were on the brief, for
appellees.

Before WRIGHT and MIKVA, Circuit
Judges, and BAZELON, Senior Circuit
Judge.

Opinion for the court filed by Circuit
Judge J. SKELLY WRIGHT.

**J. SKELLY WRIGHT, Circuit Judge:**

The United States Court of Claims and the United States District Courts have concurrent jurisdiction over back pay claims by government employees not exceeding $10,000 in amount. Plaintiffs whose damages exceed $10,000 may waive all claims greater than $10,000 in order to establish the jurisdiction of the District Court. In these cases appellants Goble and Preston, Army reserve officers who contend that they were improperly released from active duty, filed waivers in an attempt to remain in the District Court. The District Court held, however, that these waivers were inadequate because they did not waive any sums exceeding $10,000 that might accrue between the date of filing the complaint and the date of judgment. It therefore concluded that it lacked subject matter jurisdiction and transferred the cases to the Court of Claims. This decision was a final, appealable order.

We vacate the transfer order and remand to the District Court for further proceedings. Appellants' waivers were insufficient because they did not waive monetary claims over $10,000 which would accrue after the filing of the complaints, but the District Court should have granted leave to amend the complaints to cure the jurisdictional defects.

**I**

Appellants Bobby Goble and Frank J. Preston are reserve officers who formerly served on active duty in the United States Army. Goble was released from active duty in January 1972 and Preston in December 1972, after Promotion Selection Boards had failed to promote them to a higher rank. Because these boards did not contain reserve officer members as required by 10 U.S.C. § 266 (1976), appellants allege that they were improperly released from active duty. They further assert that the Army failed to cure the defect by establishing reconstituted selection boards, including reserve officers, which also did not select them for promotion.[1]

Appellants filed complaints in the United States District Court for the District of Columbia, challenging the original nonpromotion decisions and the proceedings of the reconstituted boards. Invoking the District Court's jurisdiction under 28 U.S.C. § 1331 (1976), general federal question jurisdiction, and 28 U.S.C. § 1361 (1976), mandamus, they sought declaratory relief, correction of their military records, and such further relief as the court deemed appropriate. The government filed motions to dismiss or in the alternative to transfer both cases to the Court of Claims, contending that appellants' actions were essentially for monetary damages in excess of $10,000 and that, under 28 U.S.C. § 1346(a)(2) (1976) and 28 U.S.C. § 1491 (1976), their exclusive remedy lay in the Court of Claims.

In response appellants contended that their claims were not essentially for back pay, but for record corrections. In addition, each appellant stated in his memorandum of points and authorities that, "should the Court determine that Plaintiff's claim is essentially for back pay, Plaintiff waives his claim in excess of $10,000. Plaintiff posits, however, that his recovery in excess of $10,000 should not be precluded because of the delay occasioned by litigation and that to the extent that his claim accrues in excess of $10,000 from the date of filing to the date of judgment he be entitled to recover such amount." Appendix (App.) 144–145 (Preston). *See* App. 55 (Goble) (virtually identical wording). Neither appellant amended his complaint to include a waiver.

---

1. This court, the Fifth Circuit, and the Court of Claims have reached various conclusions regarding the validity of the promotion decisions made by the reconstituted selection boards. *See Jones v. Alexander,* 609 F.2d 778 (5th Cir.), *cert. denied,* 449 U.S. 832, 101 S.Ct. 100, 66 L.Ed.2d 37 (1980); *Dilley v. Alexander,* 603 F.2d 914 (D.C.Cir.1979); *Doyle v. United States,* 599 F.2d 984 (Ct.Cl.1979), *cert. denied,* 446 U.S. 982, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980). If 28 U.S.C. § 1346(a)(2) (1976) gives the District Court jurisdiction over appellants' claims, they are entitled to bring their cases in that court even if other courts might reach different results.

The District Court concluded that appellants' claims were essentially for back pay, that their waiver of claims in excess of $10,000 was ineffective, and that therefore the actions were within the exclusive jurisdiction of the Court of Claims. Accordingly, by order dated August 31, 1981 the District Court transferred appellants' cases to the Court of Claims pursuant to 28 U.S.C. § 1406(c) (1976). Preston and Goble have appealed. They do not challenge the District Court's determination that their claims are essentially for back pay and must therefore be governed by the standards set forth in the Tucker Act, 28 U.S.C. § 1346(a)(2) (1976). They seek to overturn the transfer order on the ground that their waiver of claims over $10,000 was sufficient to establish jurisdiction in the District Court.

II

A. *Appealability*

■ At the threshold the government contends that this appeal should be dismissed because the District Court's order transferring these cases to the Court of Claims was not final and appealable under 28 U.S.C. § 1291 (1976). We disagree. The District Court held that it lacked subject matter jurisdiction over appellants' claims. Rather than dismissing the actions, it transferred them to the Court of Claims in accordance with 28 U.S.C. § 1406(c) (1976):

> (c) If a case within the exclusive jurisdiction of the Court of Claims is filed in a district court, the district court shall, if it be in the interest of justice, transfer such case to the Court of Claims, where the case shall proceed as if it had been filed in the Court of Claims on the date it was filed in the district court.

If these cases proceed to a decision on the merits in the Court of Claims, appellants will have no effective opportunity to challenge the District Court's determination regarding its lack of concurrent jurisdiction. They will have no basis for raising a jurisdictional challenge to the judgment of the Court of Claims, because 28 U.S.C. § 1491 (1976) gives the Court of Claims jurisdiction over back pay claims in any amount against the United States.

Therefore, the transfer order belongs in that small class of decisions, described by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), which may be reviewed on appeal even though the merits of the case have not yet been decided. These cases "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 375, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981), *quoting Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). The District Court's transfer order, based on its determination that it lacked jurisdiction over appellants' claims, meets all of these requisites. The order was "too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated," and indeed, "[w]hen that time comes, it will be too late effectively to review the present order, and the rights conferred by the statute, if it is applicable, will have been lost, perhaps irreparably." *Cohen, supra*, 337 U.S. at 546, 69 S.Ct. at 1225.

The government relies on decisions holding that transfer orders under 28 U.S.C. § 1404(a) (1976) and 28 U.S.C. § 1406(a) (1976) are not appealable before final judgment on the merits. These cases are inapposite. Under Section 1404(a) one District Court may transfer a case to another District Court "[f]or the convenience of parties and witnesses, in the interest of justice." Under Section 1406(a) a District Court may transfer a case to another district if venue is initially improper and if the interests of justice require transfer rather than dismissal. Under both of these provisions the question is proper venue within the system of District Courts. In contrast, in the present cases appellants seek review of an order transferring their cases to a different court, the Court of Claims, on the ground

that no District Court had subject matter jurisdiction over their claims. The Courts of Appeals regularly review decisions by District Courts that they lack jurisdiction over Tucker Act claims in excess of $10,000. *See, e.g., DSI Corp. v. Secretary of Housing & Urban Development*, 594 F.2d 177, 180 (9th Cir. 1979) (upholding District Court's determination that it lacked jurisdiction but remanding to allow court to decide whether to transfer case to Court of Claims); *Carter v. Seamans*, 411 F.2d 767 (5th Cir. 1969), *cert. denied*, 397 U.S. 941, 90 S.Ct. 953, 25 L.Ed.2d 121 (1970) (affirming dismissal for lack of jurisdiction).

B. *Sufficiency of Appellants' Waivers*

Under the Tucker Act the District Courts have jurisdiction, concurrent with the Court of Claims,[2] over:

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. * * *

28 U.S.C. § 1346(a)(2) (1976). Plaintiffs may bring relatively small claims against the federal government either in the districts where they reside or in the Court of Claims. *See Stone v. United States*, 683 F.2d 449, 450–451 (D.C.Cir. 1982). Claims exceeding the $10,000 jurisdictional ceiling, on the other hand, are within the exclusive jurisdiction of the Court of Claims.

From the outset courts have permitted plaintiffs to remain in District Court under the Tucker Act even if their damages exceed $10,000 in amount, as long as they waive any claims in excess of $10,000. *See id.*, 683 F.2d at 451; *VanderMolen v. Stetson*, 571 F.2d 617, 619 n.2 (D.C.Cir. 1977); *Hill v. United States*, 40 F. 441 (C.C. S.D.Mass.1889). This case presents the question whether a plaintiff whose back pay claim exceeds $10,000 must waive any right to judgment in excess of $10,000 in order to remain in District Court, or whether it is sufficient for him to waive any claim in excess of $10,000 that has already accrued at the time the complaint is filed. The difference lies in the treatment of back pay claims that accrue between filing and judgment. The government contends that a waiver is inadequate unless it assures that the money judgment will be $10,000 or less. Appellants assert that, if the back pay claim as modified by waiver does not exceed $10,000 when the complaint is filed, the District Court has jurisdiction over the claim and may subsequently award judgment that might be substantially in excess of $10,000.[3]

In our view, appellants' position would circumvent congressional intent in limiting the Tucker Act jurisdiction of the District Courts to claims not exceeding $10,000. When an individual's back pay claim already exceeds $10,000 and a waiver is necessary to establish subject matter jurisdiction in the District Court, a partial waiver limited to pre-filing claims is not enough.[4] By its very nature a back pay claim continues to accrue between filing of the complaint and entry of final judgment. Therefore, if a plaintiff waives only pre-filing

2. Effective October 1, 1982, the trial jurisdiction of the Court of Claims will be assumed by a new United States Claims Court; appeals will be taken to the newly-established United States Court of Appeals for the Federal Circuit. Federal Courts Improvement Act of 1982, Pub.L. No.97–164, 96 Stat. 25.

3. To give a hypothetical illustration, assume that a plaintiff has $30,000 in monetary claims at the time the complaint is filed, and that a further $40,000 in back pay claims accrues during the litigation. Appellants contend that, as long as the plaintiff reduces his claim to $10,000 as of the date of filing by waiving $20,000 of his claim, he may bring his action in District Court and recover a total of $50,000—the initial $10,000 and post-filing accruals of $40,000.

4. We need not reach the question whether the District Court may under any circumstances award a monetary judgment in excess of $10,000; our holding is limited to the waiver situation presented in these cases.

claims in excess of $10,000, it is certain that if he prevails additional accruals in the intervening period will result in an aggregate claim of more than $10,000. In this situation the partial waiver does not reduce the back pay claim to a "civil action or claim against the United States, not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2) (1976).[5]

■ Appellants urge us to find that their waivers were adequate even if we do not accept their contentions that post-filing accruals need not be waived. In the circumstances of this case, however, the District Court did not err in its finding that "the plaintiffs did not waive all claims in excess of [$10,000]; they limited their waiver to any claim which existed at the time of the filing of the suit. They did not waive amounts in excess of $10,000 which have accrued between the time of filing and the time of judgment." App. 182. Appellants' arguments about the required scope of their waivers were inseparable from the waivers themselves. Appellants did not amend their complaints to include a waiver. Instead, in memoranda filed with the District Court in response to the government's motions to dismiss, they stated generally that they were willing to waive claims in excess of $10,000 and specifically contended that a waiver of pre-filing claims would be suffi-

cient. Each appellant's memorandum maintained that

> Plaintiff should not be precluded from recovering monies which accrue from the date of the filing of the lawsuit to the date of judgment which result from litigation delay.

> Thus, should the Court determine that Plaintiff's claim is essentially for back pay, Plaintiff waives his claim in excess of $10,000. Plaintiff posits, however, that his recovery in excess of $10,000 should not be precluded because of the delay occasioned by litigation and that to the extent that his claim accrues in excess of $10,000 from the date of filing to the date of judgment he be entitled to recover such amount.

App. 144–145 (Preston); App. 55 (Goble) (virtually the same language). Subsequently Goble filed an additional response specifying that his waiver included not only active duty pay but also retirement pay and "all other allowances and emoluments of office that he otherwise would be entitled to," App. 79, but he did not expressly disclaim post-filing accruals. We agree with the District Court that, so far, appellants have not succeeded in meeting their burden of establishing that the District Court has jurisdiction over their claims.[6]

---

5. Appellants cite the general rule that jurisdiction is a threshold question, to be established at the time of filing the action. *See* 1 J. Moore, Federal Practice ¶ 0.91[3] (2d ed. 1982). Even at the time of filing, however, a waiver of prefiling claims over $10,000 does not reduce the "claim" below $10,000, for the reasons discussed in text. In addition, appellants cite no authority directly in support of their position. In *Dilley v. Alexander*, 627 F.2d 407 (D.C.Cir. 1980), this court instructed the District Court to award retroactive back pay, but did not consider whether that court had jurisdiction to award relief exceeding $10,000; moreover, no waivers were involved. *See id.* at 414–415. In *Giordano v. Roudebush*, 617 F.2d 511 (8th Cir. 1980) (affirming District Court), and *Bruzzone v. Hampton*, 433 F.Supp. 92 (S.D.N.Y.1977), the District Court bifurcated the reinstatement claim and the monetary claim, transferring the latter in its entirety to the Court of Claims. It did not permit a partial waiver such as appellants propose in this case.

6. Appellants also contend that the $10,000 jurisdictional ceiling does not include "prospective monetary benefits"—payments from the government, not forming part of the judgment itself—which might result from the relief provided by the judgment. If a plaintiff wins reinstatement on active duty, for example, he would be entitled to active duty pay for future periods of service; if he receives sufficient constructive service credit to be eligible for retirement, he would receive retirement benefits for future periods. The government does not contend that these sums must be included in the calculation of a plaintiff's claim for jurisdictional purposes. We agree that prospective postjudgment monetary benefits do not form part of the "claim" and need not be waived to establish District Court jurisdiction. Because these benefits do not constitute money presently due from the United States, they could not serve as the basis for a Tucker Act claim. *See United States v. King*, 395 U.S. 1, 3, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1965). It is a general rule that, in determining the value of the amount in

In our view, however, the District Court should not have transferred the cases to the Court of Claims without first giving appellants an opportunity to amend their complaints to effect an adequate waiver. Under 28 U.S.C. § 1653 (1976), "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Congress intended to permit amendment broadly to avoid dismissal of suits on technical grounds. *Moore v. Coats Co.*, 270 F.2d 410, 412 (2d Cir. 1959); *see* Fed.R.Civ.P. 15; 3 J. Moore, Federal Practice ¶ 15.09 (2d ed. 1982); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1214 (1969). In cases involving waiver of claims against the government in excess of $10,000, the existence of jurisdiction in the District Court depends on the plaintiff's choice, as long as the waiver is clearly and adequately expressed. In the District Court appellants attempted, though unsuccessfully, to make adequate waivers. Under the circumstances, we vacate the transfer order and remand to the District Court to permit appellants to amend their complaints to waive all claims in excess of $10,000 if they wish to do so.[7]

On remand the government will be free to raise statute of limitations issues, discussed in its brief but not yet reached by the District Court. If the court determines that appellants are entitled to relief, it has the authority to grant reinstatement and correction of military records as well as monetary compensation. *See Stone v. United States, supra,* 683 F.2d at 451 n.2; *Melvin v. Laird,* 365 F.Supp. 511, 516–519 (E.D.N.Y.1973); 1 J. Moore, Federal Practice ¶ 0.65[2.–3] (2d ed. 1982).

*So ordered.*

---

controversy, the collateral effect of the judgment on other matters not directly involved in the pending suit cannot be taken into consideration. 1 J. Moore, *supra* note 5, ¶ 0.91[2].

7. *See Stone v. United States,* 683 F.2d 449, 454 (D.C.Cir. 1982).