Rudolf W. JESKO and Gladys M. Jesko, Plaintiffs-Appellants,

v.

UNITED STATES of America; the United States Department of Agriculture; the Farmers Home Administration: Bob Bergland, Secretary of Agriculture and his successor in office; Gordon Cavanaugh, Administrator of the Farmers Home Administration, and his successor in office; H. Allen Brock, Deputy Administrator of the Farmers Home Administration, and his successor in office; Frank Glover, District Director of The Farmers Home Administration for District 2 of New Mexico, and his successor in office; Drew Cloud, State Director of The Farmers Home Administration for the State of New Mexico, and his successor in office; Richard R. Barney, Chief of Farmer Programs of The Farmers Home Administration for New Mexico, and his successor in office; and Larry R. Fluhman, County Supervisor of The Farmers Home Administration for Union County, New Mexico, and his successor in office, Defendants-Appellants.

No. 81–1740.

United States Court of Appeals,
Tenth Circuit.

July 11, 1983.

Rehearing Denied Aug. 24, 1983.

Larry Sherman of Gibson, Ochsner & Adkins, Amarillo, Tex., for plaintiffs-appellants.

Sandra Kemrer, Asst. U.S. Atty., Albuquerque, N.M. (R.E. Thompson, U.S. Atty., and Ronald F. Ross, Asst. U.S. Atty., Albuquerque, N.M., on the brief), for defendants-appellees.

Before DOYLE, LOGAN and SEYMOUR, Circuit Judges.

LOGAN, Circuit Judge.

Plaintiffs Rudolf Jesko and Gladys Jesko appeal the order of the district court transferring their action to the Court of Claims (now United States Claims Court) pursuant to 28 U.S.C. § 1406(c).[1] The plaintiffs sued the United States, the Department of Agriculture, Farmers Home Administration, and government officers seeking money damages and reinstatement of emergency disaster loans of $6,158,720, which had been approved by the Farmers Home Administration and then cancelled before the funds were released. On consideration of the defendants' motion to dismiss for lack of jurisdiction, the district court determined that the claim being asserted by the plaintiffs was one involving more than $10,000 based on an implied or express contract with the United States or arising under the Constitution, laws, and executive regulations of the United States. Therefore, the court held that the action was within the exclusive jurisdiction of the Court of Claims under 28 U.S.C. §§ 1346(a)(2), 1491. Instead of dis-

---

1. 28 U.S.C. § 1406(c) was repealed by the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, §§ 132, 301, 1982 U.S.Code Cong. & Ad.News (96 Stat.) 25, 39, 55.

missing the action, the court concluded that it would be in the interest of justice to transfer the action to the Court of Claims. The court dismissed the portion of the plaintiffs' claim sounding in tort because the plaintiffs had failed to exhaust their administrative remedies. The plaintiffs did not appeal that portion of the order; they appealed only the aspects of the transfer order that dealt with their claims for declaratory, mandatory, and injunctive relief seeking to require completion of the loan to the plaintiffs.

We must decide whether we have jurisdiction to consider the merits of the appeal. The plaintiffs did not seek certification of the issue of exclusive jurisdiction in the Court of Claims pursuant to 28 U.S.C. § 1292(b), but instead argue that the order of the district court transferring the action is a final order that is appealable under 28 U.S.C. § 1291. For a decision to be final under § 1291, it ordinarily must dispose of the litigation on the merits. *See Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). In arguing that the transfer order is a final decision, the plaintiffs assert that the case they would have to pursue in the Court of Claims is entirely different than the one they filed in district court. They note that in the district court they named individual officers and agencies as parties in addition to the United States and that they sought declaratory, mandatory, and injunctive relief to require these officers to complete the loan at issue. They argue that in the Court of Claims they could seek only money damages and only against the United States. However, it is settled that the jurisdiction of the Court of Claims cannot be evaded by framing a complaint to seek declaratory, mandatory, or injunctive relief against governmental officials and agencies. *See Amalgamated Sugar Co. v. Bergland,* 664 F.2d 818, 824 (10th Cir.1981); *Alamo Navajo School Board v. Andrus,* 664 F.2d 229 (10th Cir.1981), *cert. denied,* 456 U.S. 963, 102 S.Ct. 2041, 72 L.Ed.2d 487 (1982). This principle rests on the premise that only one cause of action underlies such a claim, regardless of how the complaint is framed. Thus, the transfer order does not finally dispose of the case and must be considered interlocutory.

Because the transfer order is interlocutory, it is nonappealable prior to final judgment unless it fits within the exception to the final judgment rule espoused in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). For an order to be appealable under the collateral order doctrine, it "must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand,* 437 U.S. at 468, 98 S.Ct. at 2457 (footnote omitted); *see also Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 375, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981).

The issue of jurisdiction determined by the transfer order is not effectively unreviewable on appeal from a final judgment. The issue will be considered by the Claims Court, which may dismiss the action for lack of jurisdiction or may accept jurisdiction and dispose of the claims on their merits. In either event its final judgment, including the jurisdictional issue, would be effectively reviewable in the United States Court of Appeals for the Federal Circuit. 28 U.S.C. § 1295(a)(3). The Claims Court could decide that it does not have jurisdiction, but instead of dismissing could transfer the action back to the district court pursuant to 28 U.S.C. § 1631. In that event the district court would either dismiss for lack of jurisdiction or decide the case on its merits; either disposition would be an appealable final order, review of which would encompass the disputed jurisdictional issue. Therefore, effective review of the district court's conclusion that it was without jurisdiction because exclusive jurisdiction was in the Court of Claims can be obtained upon a review of a final judgment; this precludes the application of the *Cohen* collateral order doctrine to allow immediate appeal of the transfer order. *Cf. American Fidelity Fire Insurance Co. v. United States*

*District Court,* 538 F.2d 1371, 1374 (9th Cir.1976).

We do not think that *Goble v. Marsh,* 684 F.2d 12, 14–15 (D.C.Cir.1982), compels a different conclusion. In that case the court held that a transfer order under § 1406(c) was immediately appealable under the *Cohen* doctrine because the decision would be effectively unreviewable on appeal. The case was transferred because the district court determined that the claim was for damages of over $10,000 and thus was exclusively within the jurisdiction of the Court of Claims. The plaintiffs contended that the transfer was improper because the claim was for an amount under $10,000 and therefore that the Court of Claims had concurrent jurisdiction. The appellate court held that because the Court of Claims would have had jurisdiction whether or not the transfer order was in error, the correctness of the order would never have been effectively reviewable because any error would have been harmless. In the present case, the jurisdiction of the case is either in the Claims Court or in the district court; there is not the possibility of concurrent jurisdiction that was present in *Goble.*

Our result in this case is consistent with the treatment given by other courts to transfer orders under 28 U.S.C. §§ 1404(a) and 1406(a). Those orders have been held to be nonfinal and nonappealable prior to final judgment. *See Ellicott Machine Corp. v. Modern Welding Co.,* 502 F.2d 178, 180 (4th Cir.1974); *McCreary Tire & Rubber Co. v. CEAT S.p.A.,* 501 F.2d 1032, 1034 (3d Cir.1974); *Wilkins v. Erickson,* 484 F.2d 969, 971 (8th Cir.1973); *Fischer v. First National Bank of Omaha,* 466 F.2d 511, 511 & n. 2 (8th Cir.1972); *Stelly v. Employers National Insurance Co.,* 431 F.2d 1251, 1253 (5th Cir. 1970), *cert. denied,* 401 U.S. 908, 91 S.Ct. 866, 27 L.Ed.2d 806 (1971); *Ackert v. Van Pelt Bryan,* 299 F.2d 65, 67 (2d Cir.1962). We believe that for purposes of analysis under the collateral order doctrine these types of transfer orders are analogous to transfer orders under § 1406(c). *See* 7B J. Moore, M. Waxner, H. Fink & D. Epstein, *Moore's Federal Practice* § 1406 (2d ed. 1983). In both situations the parties will be

trying a case in a forum that might be found to be improper on appeal. In each case the propriety of the transfer can be raised on appeal, even though the parties may be inconvenienced in the interim. If anything, § 1406(c) orders are more likely to be effectively reviewable on appeal than venue transfers because the question of subject matter jurisdiction can be raised and must be addressed at each stage of the proceedings.

Because the order of the district court transferring this case to the Court of Claims was not a final order, we do not have jurisdiction of the appeal. Therefore, this appeal must be dismissed.