Robert W. RAINES and Donna J. Raines, Plaintiffs-Appellants,

v.

John R. BLOCK, in his official capacity as Secretary, United States Department of Agriculture; The United States of America; Milt Hertz, in his official capacity as Deputy Administrator, State and County Operations, Agricultural Stabilization & Conservation Service; Jerome F. Sitter, in his official capacity as Director, Appeals Staff, Agricultural Stabilization & Conservation Service; Howard Link; William Greg King and Daniel E. Dutro, in their official capacities as members of the Lincoln County, Colorado Agricultural Stabilization and Conservation Committee; Earl McDonnell, Executive Director of the Lincoln County, Colorado Agricultural Stabilization and Conservation Committee; Ed Jorgensen, Executive Director of the Lincoln County, Colorado Agricultural Stabilization and Conservation Committee; Kenneth Kinnie; Jack Fletcher and Rich Whitney, in their official capacities as members of the Agricultural Stabilization and Conservation Committee of the State of Colorado; Lloyd C. Sommerville, Director, Agricultural Stabilization and Conservation Committee of the State of Colorado, Defendants-Appellees.

No. 85–1031.

United States Court of Appeals, Tenth Circuit.

July 25, 1986 (nunc pro tunc to May 1, 1986).

A. Gary Bell, Jr., Littleton, Colo., for plaintiffs-appellants.

Robert N. Miller, U.S. Atty., and Stephen D. Taylor, Asst. U.S. Atty., Denver, Colo., for defendants-appellees.

Before BARRETT, McKAY, and LOGAN, Circuit Judges.

PER CURIAM.

In accordance with 10th Cir.R. 9(e) and Fed.R.App.P. 34(a), this appeal came on for consideration on the briefs and record on appeal.

■ This is an appeal from an order, 599 F.Supp. 196, of the United States District Court for the District of Colorado transferring the action to the United States Claims Court pursuant to 28 U.S.C. § 1631.[1] The issue before us is whether the order is appealable; we conclude that it is not.

Plaintiff Robert Raines entered a payment-in-kind contract with the United States Department of Agriculture (Department). He agreed to destroy his 1983 wheat crop, and the Department agreed to give him 61,476 bushels of wheat. After he had destroyed his crop, the Department informed him that there had been an error in the calculations and his payment was decreased to 39,121 bushels of wheat.

After unsuccessfully exhausting their administrative remedies, plaintiffs filed suit in district court against the United States and various Department officials, suggesting several grounds for relief. The district judge concluded that, because all of plaintiffs' claims were "grounded in a basic claim of breach of contract," the Tucker Act, 28 U.S.C. §§ 1346, 1491, precluded district court jurisdiction. He transferred the entire action to the Claims Court.

■ Plaintiffs contend that the Claims Court's inability to grant the equitable relief they seek makes the transfer order a final decision appealable to this court. We disagree. For a decision to be final under 28 U.S.C. § 1291, "it ordinarily must dispose of the litigation on the merits." *Jesko v. United States,* 713 F.2d 565, 567 (10th Cir.1983); *cf. Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978) (refusal to certify a class held not immediately appealable under this theory). The transfer order did not do this. Therefore § 1291 is not a basis for jurisdiction over this appeal. In addition, because the transfer order and the adequacy of relief granted by the Claims Court will be effectively reviewable on appeal from its final judgment, the collateral order exception set forth in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949), does not permit immediate appeal. *See Jesko,* 713 F.2d at 567.

As in *Jesko,* 713 F.2d at 568, we are not convinced that *Goble v. Marsh,* 684 F.2d 12, 14–15 (D.C.Cir.1982), supports plaintiffs' argument for an appeal in this court. In *Goble* the District of Columbia Circuit held that, when there is a possibility of concurrent jurisdiction between the district court and Claims Court, a transfer order "belongs in that small class of decisions" that may be appealed immediately under the *Cohen* doctrine. *Id.* at 14. We need not decide whether we would adopt the reasoning of *Goble* in this case because, although plaintiffs cite three statutes as support for concurrent jurisdiction, none sustains them.

■ First, plaintiffs contend that 7 U.S.C. § 1365 authorizes district court review of payment-in-kind determinations. That statute applies to farm marketing quotas, not to plaintiffs' cause of action. *See* 7 U.S.C. § 1361.

■ Second, plaintiffs argue that the Administrative Procedure Act authorizes judicial review of the agency action. *See* 5 U.S.C. § 702. Although this is true, the Act further provides that the "form of

---

1. This general transfer provision was enacted as part of the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25, 55 (1982). It effectively subsumed a more specific repealed provision for transfers to the former Court of Claims, 28 U.S.C. § 1406(c) (1976). *See* 96 Stat. at 39; S.Rep. No. 275, 97th Cong., 2d Sess. 11, *reprinted in* 1982 U.S. Code Cong. & Ad. News 11, 21. Therefore our prior case law interpreting § 1406(c) is instructive, if not controlling. *See Jesko v. United States,* 713 F.2d 565 (10th Cir.1983).

proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute." 5 U.S.C. § 703. The court "specified by statute" when, as in this case, the United States is a defendant and the amount of the claim exceeds $10,000, is the Claims Court. *See* 28 U.S.C. §§ 1346(a)(2), 1491(a)(1). Given this adequate remedy, we decline to interpret the Administrative Procedure Act as authorizing additional judicial review in the district court.

Third, plaintiffs urge us to find that the mandamus statute, 28 U.S.C. § 1361, gave the district court jurisdiction. The exercise of mandamus jurisdiction is appropriate only when no other remedy could protect plaintiffs' interests. *See American Science and Engineering, Inc. v. Califano,* 571 F.2d 58, 64 (1st Cir.1978). Here the action in the Claims Court and the availability of a timely appeal to the Federal Circuit from its final decision will protect plaintiffs' interests.

Plaintiffs' two remaining arguments in favor of appellate jurisdiction also must fail. Contrary to plaintiffs' assertion, the order transferring their action was not equivalent to denial of an injunction. The district court did not reach the merits of plaintiffs' claim, as it must to determine the need for an injunction. Thus 28 U.S.C. § 1292(a)(1) does not provide a basis for our jurisdiction.

We also cannot obtain jurisdiction of this matter by issuing a writ of mandamus. In *In re Dalton,* 733 F.2d 710, 716–18 (10th Cir.1984), *cert. dismissed,* — U.S. —, 105 S.Ct. 947, 83 L.Ed.2d 959 (1985), we enumerated five guidelines to the propriety of mandamus relief. *See Varsic v. United States District Court,* 607 F.2d 245, 250 (9th Cir.1979) (unlikely that all guidelines will ever point in same direction; balance of indicators may be required). None of the guidelines favors this extraordinary remedy here. In addition, plaintiffs failed to file a petition for the writ as required by Fed.R.App.P. 21(a).

Accordingly, we conclude that the district court's order transferring plaintiffs' case to the Claims Court is not appealable in this court. We DISMISS plaintiffs' appeal for lack of jurisdiction.