982 F.2d 529
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary Lee McCOLPIN, Plaintiff-Appellant,
v.
Paul W. CLARK, District Court Judge, Defendant-Appellee.
 No. 92-3325.
 United States Court of Appeals, Tenth Circuit.
 Dec. 1, 1992.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Senior Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Gary Lee McColpin (McColpin), appearing pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous or malicious under 28 U.S.C. § 1915(d). McColpin sought injunctive relief against defendant-appellee, Paul W. Clark, (Judge Clark), presiding judge of the Eighteenth Judicial District Court, Sedgwick County, Kansas.
 
 
 3
 McColpin is an inmate of the Lansing Correctional Facility, Lansing, Kansas. He was convicted by a jury in the District Court of Sedgwick County, Kansas, and sentenced for kidnapping, enticement of a child and attempted indecent liberties with a child.
 
 
 4
 In his complaint filed in the federal district court in this action, McColpin alleged that Judge Clark denied his writ of habeas corpus filed pursuant to Kan.Stat.Ann. § 60-1507 on December 3, 1991, in Case No. 91-C-2986, because the Kansas "courts permit criminal appeals only on condition that the plaintiff follow the local rules and statutes governing such appeals." (File, Complaint of June 19, 1992, p. 2). McColpin complained that "[T]he system does not establish an appeal as of rights, but only a conditional appeal subject to dismissal if the state rules are violated. Defendant concludes that if plaintiff (McColpin) has no appeal as of right, he has no right to counsel--or to effective assistance of counsel--on his conditional appeal." Id. McColpin sought a preliminary injunction to require Judge Clark to provide him (McColpin) with a full due process opportunity to present evidence and argument in order to demonstrate that his constitutional rights were violated during his criminal trial.
 
 
 5
 McColpin was permitted to proceed in the district court in forma pauperis. The federal district court denied McColpin leave to proceed in forma pauperis on appeal, however, and found that McColpin's appeal "is legally frivolous and is not taken in good faith." (File, Order of September 15, 1992, p. 1). We grant McColpin's motion to proceed in forma pauperis, but affirm the district court's denial of a certificate of probable cause.
 
 
 6
 On appeal, McColpin contends that the district court erred in dismissing his 42 U.S.C. § 1983 complaint against Judge Clark. He requests that this court remand with instructions that McColpin be afforded a full opportunity to present evidence and arguments on his complaint.
 
 
 7
 The record is barren of any pleadings or assertion that McColpin sought to appeal Judge Clark's dismissal of his habeas corpus petition. The federal district court pertinently and correctly observed that "the court is further persuaded the appropriate remedy for plaintiff is to appeal the dismissal of his motion for post conviction relief to the Kansas Court of Appeals." (File, Memorandum and Order, August 4, 1992, p. 2). We agree. McColpin has available relief in the nature of appeal from Judge Clark's order of dismissal. Kan.Stat.Ann. § 60-1507(d). ("... A prisoner in custody ... claiming the right to be released upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or the constitution or laws of the State of Kansas ... or is otherwise subject to collateral attack, may at any time move the court which imposed the sentence.... An appeal may be taken to the appellate court as provided by law...." (underlining supplied).
 
 
 8
 Under 28 U.S.C. § 1915(d), a court may dismiss a case if it is "satisfied that the action is frivolous or malicious." This section applies to pro se complaints. See LaFevers v. Saffle, 936 F.2d 1117, 1118 (10th Cir.1991). Appellate review must focus on whether the district court abused its discretion in dismissing a complaint. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir.1987). The district court observed that McColpin had an access of appeal from Judge Clark's order of dismissal pursuant to Kan.Stat.Ann. § 60-1507(d). We agree.
 
 
 9
 Furthermore, treating McColpin's requested relief against Judge Clark as essentially in the nature of mandamus, the court denied relief. Again, we agree. Mandamus is an extraordinary remedy, which should be limited to exceptional cases. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976); Sanderson v. Winner, 507 F.2d 477, 479 (10th Cir.1974), cert. denied, 421 U.S. 914 (1975). Courts will entertain mandamus petitions where the district court acted without jurisdiction or clearly abused its discretion, constituting a usurpation of power. In Re Dalton, 733 F.2d 710, 716 (10th Cir.1984), cert. dismissed, 469 U.S. 1185 (1985). And, particularly pertinent here, a petitioner seeking mandamus relief must demonstrate that there are no other adequate means to obtain the relief requested. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Raines v. Block, 798 F.2d 377, 380 (10th Cir.1986).
 
 
 10
 We concur in the district court's denial of a certificate of probable cause on appeal and we AFFIRM the district court's order of dismissal.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3