74 F.3d 218
 FEDERAL DEPOSIT INSURANCE CORPORATION,*
Plaintiff-Appellant,
v.
Keith McGLAMERY; Fulbright & Jaworski, a Partnership;
Fulbright & Jaworski, L.L.P., Defendants-Appellees,
and
Penny Parker; Johnson, Bromberg & Leeds, Defendants.
 No. 94-2150.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 23, 1996.
 
 1
 Daniel H. Kurtenbach, FDIC Legal Division, Washington, DC (Bruce H. DeBoskey and Jay S. Jester, Silver & DeBoskey, Denver, CO, Harold D. Stratton, Jr., Stratton & Cavin, Albuquerque, NM, and Gerald Rome, Resolution Trust Corporation, Denver, CO, with him on the briefs), for Plaintiff-Appellant.
 
 
 2
 John R. Cooney (Charles A. Armgardt and R. Alfred Walker, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, NM, with him on the brief), for Defendants-Appellees.
 
 
 3
 Before KELLY and SETH, Circuit Judges, and BROWN,** Senior District Judge.
 
 
 4
 WESLEY E. BROWN, Senior District Judge.
 
 
 5
 Plaintiff Resolution Trust Corporation (RTC) appeals the district court's order transferring RTC's claims against defendants-appellees to the U.S. District Court for the Northern District of Texas. We conclude that the district court's order is not an appealable collateral order within the meaning of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); we therefore dismiss the appeal for lack of jurisdiction.
 
 
 6
 The RTC, receiver for a federally insured bank in Roswell, New Mexico, filed this action in the U.S. District Court in New Mexico. Subject matter jurisdiction was proper because the claims arose under federal law. 28 U.S.C. Secs. 1331 and 1345; 12 U.S.C. Sec. 1441a(a)(11). The complaint included claims alleging that defendants-appellees--a Texas law firm and one of its partners--failed to properly advise the bank's board of directors concerning loan regulations, causing the bank to suffer loss when loans relating to certain properties in Texas were defaulted upon. The defendants-appellees moved to dismiss the claims, arguing that New Mexico did not have personal jurisdiction over them. They simultaneously filed motions to dismiss for improper venue or to transfer the action to Texas.
 
 
 7
 The district court found that appellees' contacts with New Mexico were insufficient to support personal jurisdiction there. After noting that jurisdiction would be proper in Texas and that Texas would be a more convenient forum, the district court ordered the transfer of the claims to the Northern District of Texas pursuant to 28 U.S.C. Sec. 1631. Section 1631 permits a district court to transfer an action to any other court in which the action could have been brought if the court finds there is a want of jurisdiction and if the transfer is in the interest of justice. In Ross v. Colorado Outward Bound School, Inc., 822 F.2d 1524, 1527 (10th Cir.1987), we found that this section authorized transfer based on the transferor court's lack of personal jurisdiction over a party. Cf. Nose v. Rementer, 610 F.Supp. 191 (D.Del.1985) (concluding that the legislative history suggests Sec. 1631 applies only to a lack of subject matter jurisdiction.) In support of its ruling, the district court observed that outright dismissal would effectively bar RTC from refiling in Texas because of the statute of limitations. On June 24, 1994, the RTC filed a notice of appeal in the U.S. District Court in New Mexico directing an appeal to this court.[1] The RTC did not seek certification for appeal of an interlocutory order under 28 U.S.C. Sec. 1292(b). RTC now argues that the district court erred in finding that New Mexico lacks personal jurisdiction and asks us to reverse the transfer order.
 
 
 8
 At the outset, we note that the incomplete record before us raises a number of questions. The record does not contain the motions to transfer or RTC's responses to the motions. It does contain RTC's opposition to the motions to dismiss, however, in which RTC urged the district court to transfer the action to Texas pursuant to 28 U.S.C. Sec. 1406(a) if it concluded New Mexico lacked personal jurisdiction. Aplt. Exh. In Opposition to Aple.'s Mot. to Dismiss, Doc. 4 at 24, n. 16, and Doc. 5 at 23, n. 15. In light of this suggestion, there could be some question as to whether RTC has preserved a right to challenge the transfer order on the asserted basis that it is prejudicial to RTC.[2] Because we dismiss the appeal based on lack of jurisdiction, however, we do not decide that issue.
 
 
 9
 "Federal appellate jurisdiction generally depends on the existence of a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); 28 U.S.C. Sec. 1291. The finality requirement in Sec. 1291 evinces a legislative judgment that restricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single controversy. Id. at 471, 98 S.Ct. at 2459. Because the district court's transfer order did not end the litigation, it is appealable only if it falls within a recognized exception to the final-judgment rule. See Coopers & Lybrand, 437 U.S. at 467, 98 S.Ct. at 2457. RTC contends the ruling falls within the "collateral order" exception of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To meet that exception, an order must "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." Coopers & Lybrand, 437 U.S. at 468, 98 S.Ct. at 2458.
 
 
 10
 The courts have almost universally agreed that transfer orders fall outside the scope of the collateral order exception. See In Re Dalton, 733 F.2d 710, 715 (10th Cir.1984). In Jesko v. United States, 713 F.2d 565, 568 (10th Cir.1983) and Raines v. Block, 798 F.2d 377, 379 (10th Cir.1986), we concluded that transfer orders based on the transferor court's finding that it lacked subject matter jurisdiction did not satisfy the Cohen requirements. Raines involved a transfer under Sec. 1631, while Jesko dealt with the former Sec. 1406(c), a forerunner of Sec. 1631. Jesko, 713 F.2d at 566. Other courts have come to the same conclusion with respect to Sec. 1631 transfers. Ukiah Adventist Hosp. v. F.T.C., 981 F.2d 543, 546 (D.C.Cir.1982); Persyn v. United States, 935 F.2d 69, 72 (5th Cir.1991); Middlebrooks v. Smith, 735 F.2d 431, 433 (11th Cir.1984). No distinction has been made by the courts with respect to transfers based on the transferor court's lack of personal jurisdiction over the defendant. See Carteret Savings Bank v. Shushan, 919 F.2d 225, 230 (3rd Cir.1990) (transfer under Sec. 1406(a) for lack of personal jurisdiction was not immediately appealable under Cohen ).
 
 
 11
 Even assuming the first two Cohen requirements are satisfied here, the RTC has failed to show that the district court's order is "effectively unreviewable" on appeal from a final judgment. As RTC concedes, the Texas District Court and the Fifth Circuit can indirectly review the transfer order if the RTC moves in those courts for retransfer of the case. See Aplt. Br. In Oppos. to Aple. Mot. at 7. The RTC argues that such review would be ineffective because those courts would be constrained by the "law of the case" doctrine on a motion to retransfer. (Citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988) (Transferee court should consider as "law of the case" transferor court's determination that it lacked jurisdiction.)). Christianson makes clear, however, that the "law of the case" does not deprive a court of the power to correct erroneous decisions. Christianson, 486 U.S. at 816-17, 108 S.Ct. at 2177-78. We thus cannot agree that the district court's order is effectively unreviewable by virtue of the law of the case doctrine. See Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 376, 101 S.Ct. 669, 674-75, 66 L.Ed.2d 571 (1981) (an order is effectively unreviewable on appeal after final judgment only "where denial of immediate review would render impossible any review whatsoever.").
 
 
 12
 The RTC also urges us to recognize a "concurrent jurisdiction" rule and permit immediate appeal when the transferor and transferee courts share subject matter jurisdiction over a claim. (Citing Goble v. Marsh, 684 F.2d 12 (D.C.Cir.1982) and Gower v. Lehman, 799 F.2d 925, 927 (4th Cir.1986)). We see no authority for such a rule. Initially, we note that Congress has resolved the problem raised by Goble and Gower concerning the subject matter jurisdiction of the Federal Claims Court. Section 1292(d)(4)(A) of Title 28 now gives the Federal Circuit jurisdiction of an appeal from an interlocutory order granting or denying a motion to transfer an action to the Court of Federal Claims under Sec. 1631. Neither Congress nor the Supreme Court (see Sec. 1292(e)), however, has provided for appeal of interlocutory orders granting transfer between United States District Courts for lack of personal jurisdiction. Nor has RTC shown that a special rule is warranted when the transfer is based on a lack of personal jurisdiction, notwithstanding its contention that it could be prejudiced by the transfer in this case. Cf. Van Cauwenberghe v. Biard, 486 U.S. 517, 529, 108 S.Ct. 1945, 1953, 100 L.Ed.2d 517 (1988) ("In fashioning a rule of appealability under Sec. 1291, ... we look to categories of cases, not to particular injustices."). The cases that we have cited denying immediate appeal "reflect the common sense view that section 1631 transfers are interlocutory for the same reason that venue transfers are: the very purpose of transfer provisions is to allow the case to continue, rather than terminating it." Ukiah Adventist Hosp., 981 F.2d at 546. In terms of the effectiveness of review after final judgment, a transfer for lack of personal jurisdiction provides no less opportunity for review than a transfer for improper venue under Sec. 1406(a). Indirect review of such orders can be obtained by bringing a motion to retransfer in the transferee court. See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516-18 (10th Cir.1991) (Nothing precludes the transferee circuit from reviewing whether the transferee district court correctly applied the law of the case.) We thus cannot accept RTC's argument that the order in this case will be effectively unreviewable on appeal from final judgment. For similar reasons, we reject RTC's suggestion that we take jurisdiction of the appeal under the subjective "pragmatic finality" doctrine. See Boughton v. Cotter Corp., 10 F.3d 746, 751-52 (10th Cir.1993). RTC has not shown that this case involves the type of "unique" or "exceptional" circumstances necessary to invoke that doctrine. Id.
 
 
 13
 RTC's final contention is that the district court's order is invalid because it purported to transfer some, but not all, of RTC's claims in the action. RTC points out that in Chrysler Credit, supra, we stated that Sec. 1404's authorization for transfer of "any civil action" did not allow a district court to transfer a portion of the action in the absence of a severance under Rule 21. Chrysler Credit, 928 F.2d at 1519-20. Although logically the same rule would apply to transfer of "a civil action" under Sec. 1631, this case is distinguishable from Chrysler Credit because the district court's order is properly construed as a severance of the claims under Rule 21. See Fed.R.Civ.P. 21 ("Any claim against a party may be severed and proceeded with separately.") The transfer order clearly indicates that the district court intended to create two separate actions. Cf. Chrysler Credit, 928 F.2d at 1519 ("The district court's order of transfer simply cannot be construed as a Rule 21 severance; nowhere in the order does the court refer to Rule 21 or imply that two separate actions are being created.")
 
 
 14
 Request for Sanctions. Defendants-appellees ask us to impose sanctions on RTC for filing a frivolous appeal. See Fed.R.App.P. 38. An appeal is considered frivolous when "the result is obvious, or the appellant's arguments of error are wholly without merit." Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir.1987) (internal quotation omitted). Sanctions are not warranted here. Although we have rejected RTC's suggested application of the collateral order doctrine, we do not consider its position to be wholly without merit, nor do we consider the result of the appeal to have been so obvious as to render RTC's position frivolous.
 
 
 15
 Conclusion.
 
 
 16
 Appellant's motion for leave to file a supplemental pleading is DENIED, as is appellees' request for sanctions. The appeal is DISMISSED for lack of jurisdiction.
 
 
 
 *
 As successor to the Resolution Trust Corporation
 
 
 **
 The Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation
 
 
 [1]
 On June 8, 1994, two weeks after entry of the order, the original pleadings were shipped to the clerk in the Northern District of Texas, who acknowledged receipt and docketed the case in that district on June 15, 1994. In light of our conclusion that the ruling below does not meet the collateral order test, we need not decide whether this court was divested of jurisdiction when the file was sent to a district court in another circuit. See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509 (10th Cir.1991) (Appellate jurisdiction in the transferor circuit is terminated when the papers are docketed in the transferee court.)
 
 
 [2]
 On appeal, RTC emphasizes that it could suffer prejudice because Texas law will likely apply to the transferred action, and RTC's claims might be barred under the Texas statute of limitations but would not be barred under New Mexico's. Although it is clear that RTC argued in the district court that New Mexico had jurisdiction and that the transfer was therefore inappropriate under Sec. 1631, it is not clear whether RTC raised the statute of limitations problem in the district court. The district court did not determine which state's law would govern if the action were transferred, observing only that "Texas law possibly could govern the litigation."
 RTC has requested leave to file a supplemental pleading to address what it contends is a change of position by appellees concerning the applicability of the Texas statute of limitations. Having reviewed the materials submitted by the parties, we conclude that RTC's motion is based on a misunderstanding of appellees' argument that the statute of limitations in this case did not run "because of the transfer." That argument is not inconsistent with appellees' assertion that the Texas statute of limitations bars RTC's claims. We therefore deny RTC's request for leave to file a supplemental pleading.