IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50934
Summary Calendar
_____

CALVIN EUGENE BARNETT,

                                        Plaintiff-Appellant,

versus

CAPITAL CORRECTIONAL RESOURCES INCORPORATED (CCRI);
JIM BREWER; LARRY FIELDS; VINCENT KNIGHT; TOM BRENNAN;
DOYLE COSLIN; CARL WHITE; JIM H. GANT; C. JONES; T.R. DECARDOVA;
R. O'PRY; BILLY KENT; R. WALKER; J. LEDET; WANDA WILLIAMS;
DANNY HARDING,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CV-69
--------------------
June 19, 2002

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Calvin Eugene Barnett, Oklahoma prisoner # 89599, appeals
the district court's dismissal of his 42 U.S.C. § 1983 civil
rights action.  Barnett's motion for default judgment is DENIED.
Barnett argues that he has a right to have the Tenth Circuit
Court of Appeals review the Oklahoma judge's decision to transfer

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the case to the Western District of Texas.  He contends that the transfer order was final and reviewable by the Tenth Circuit at the time it was issued.  The Oklahoma district court's order transferring this case to Texas as the correct venue pursuant to 28 U.S.C. § 1406(a) was not a final appealable order which Barnett could appeal to the Tenth Circuit.  FDIC v. McGlamery, 74 F.3d 218, 221-22 (10th Cir. 1996); Brinar v. Williamson, 245 F.3d 515, 517-18 (5th Cir. 2001).  The transfer order was subject to indirect review in the Texas district court and in this court upon Barnett's motion for retransfer of the case back to Oklahoma.  McGlamery, 74 F.3d at 221.  Barnett does not argue the merits of his motion to retransfer in this appeal.

Barnett argues that he was denied due process at his disciplinary hearing for a March 19, 1997, infraction because Billy Kent, the correctional officer who allegedly beat him up on February 28, 1997, sat as chairman of his disciplinary board for the disciplinary infraction he received on March 19 for not obeying an order.  Barnett acknowledged in his complaint and his disciplinary records show that the punishment he received for the disciplinary infraction of March 19, 1997, was 15 days' administrative segregation and 15 days' suspension of privileges.  Barnett's punishments were not sufficiently severe to entitle him to due process protections in connection with the disciplinary proceedings in question.  Sandin v. Conner, 515 U.S. 472, 484 (1995).

Barnett argues that the defendants were not entitled to qualified immunity because they were state actors, and that the private prison employees were state actors, giving rise to diversity jurisdiction. The district court did not decide that any of the defendants was entitled to qualified immunity, or that it did not have jurisdiction over any of the Texas defendants. These arguments do not relate to what the district court actually decided in its opinion. Barnett lists a series of decisions on various motions by the district court judge and magistrate judge in Oklahoma and the magistrate judge in Texas. He provides no record cites, argument, or reasons for why he contends that the judges abused their discretion in denying relief on the various motions in question. Barnett's brief contains no record citations, no citation to relevant legal authority, and no identification of any error in the various rulings of which he complains. He has not adequately briefed any arguments relating to the list of challenged rulings. <u>Grant v. Cuellar</u>, 59 F.3d 523, 524 (5th Cir. 1995); <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(9)(A); 5TH CIR. R. 28.2.3.

Barnett's appeal is without arguable merit and is frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. <u>See</u> 5TH CIR. R. 42.2. Barnett is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C.

§ 1915(g).  <u>See</u> <u>Adepegba v. Hammons</u>, 103 F.3d 383, 387 (5th Cir. 1996).  We caution Barnett that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; MOTION DENIED.