NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FRANKLIN R. PERKINS,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3074

---

Petition for review of the Merit Systems Protection Board in No. DA315I120162-I-1.

---

Decided: October 11, 2013

---

FRANKLIN R. PERKINS, of Oklahoma City, Oklahoma, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief was BRYAN G. POLISUK, General Counsel.

---

Before PROST, PLAGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Mr. Franklin R. Perkins *pro se* petitions for review of a dismissal of his appeal by the Merit Systems Protection Board ("Board") for lack of jurisdiction. *Perkins v. Dep't of Air Force*, DA-315I-12-0162-I-1 (M.S.P.B. Dec. 5, 2012) (hereafter *Final Order*). Because the Board correctly dismissed Mr. Perkins's appeal, we affirm.

## BACKGROUND

Mr. Perkins was promoted by the Department of the Air Force to the position of Planning Chief in the Sheetmetal and Composites Production Branch. Mr. Perkins's promotion was subject to a probationary period of one year. Several months later, the Air Force demoted Mr. Perkins for failing to meet the duties and responsibilities associated with his supervisory role. The Air Force informed Mr. Perkins that he would be returned to a non-supervisory position of no lower pay and grade than the position that he occupied prior to his promotion.

Mr. Perkins petitioned the Board to review his demotion, alleging that he was demoted under false pretenses. Mr. Perkins further alleged that his pay had discrepancies for a period of almost three years. On March 26, 2012, an Administrative Judge (AJ) issued an initial decision that dismissed Mr. Perkins's appeal for lack of jurisdiction. *Perkins v. Dep't of Air Force*, DA-315I-12-0162-I-1 (M.S.P.B. Mar. 26, 2012) (hereafter *Initial Decision*). The AJ concluded that the Board did not have jurisdiction because Mr. Perkins had failed to establish that he was demoted due to "partisan politics" or "marital status" as required by 5 C.F.R. § 315.908. *Initial Decision* at 2-3.

On April 30, 2012, Mr. Perkins filed a petition for review of the AJ's Initial Decision. In response, the Board issued its Final Order on December 5, 2012, denying Mr. Perkins's petition. The Board concluded that Mr. Perkins

had shown no error in the AJ's finding that Mr. Perkins had failed to establish Board jurisdiction over his demotion. *Final Order* at 3. The Board also concluded that it did not have jurisdiction to address Mr. Perkins's allegations concerning differential pay. *Id.* at 4.

Mr. Perkins petitioned us to review the Board's dismissal of his appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9). For the reasons discussed below, we affirm the Board's decision.

DISCUSSION

The Board's jurisdiction is limited to those matters over which it has been granted jurisdiction by law, rule or regulation. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). Whether the Board has jurisdiction over an appeal is a question of law that we review without deference. *Id.*

In his informal brief, Mr. Perkins argues that he was removed based on falsified official documents and coerced information. Mr. Perkins contends that the Board has jurisdiction over his appeal because it has jurisdiction over matters relating to lost wages and reassignment to a position having lesser duties and responsibilities. Mr. Perkins also cites to 5 C.F.R. § 315.806, which outlines "Appeal rights to the Merit Systems Protection Board."

Mr. Perkins misunderstands the Board's jurisdiction and § 315.806. Section 315.806 falls under Subpart H: "Probation on Initial Appointment to a Competitive Position." 5 C.F.R. §§ 315.801–806. Mr. Perkins, however, was promoted to a supervisory position. Therefore, his situation falls under Subpart I: "Probation on Initial Appointment to a Supervisory or Managerial Position." 5 C.F.R. §§ 315.901–909.

Under the applicable regulation in Subpart I, 5 C.F.R. § 315.908, Mr. Perkins could only appeal "an agency action . . . based on partisan political affiliation or marital

status." *Hardy v. Merit Sys. Prot. Bd.*, 13 F.3d 1571, 1573 (Fed. Cir. 1994) ("A probationary employee on initial appointment to a supervisory position who is removed to a nonsupervisory position has no right to appeal to the Merit Systems Protection Board unless the employee offers a nonfrivolous allegation that removal was based on partisan political reasons or marital status."). Mr. Perkins failed to allege any facts that fit within these limited grounds for appeal. Therefore, we find no error in the Board's conclusion that it lacked jurisdiction over the Air Force's demotion of Mr. Perkins.

We likewise find no error in the Board's conclusion that it lacked jurisdiction over Mr. Perkins's complaints regarding his night differential pay. Our precedent has "long distinguished between 'basic pay' and 'premium pay,' such as overtime or night differential." *Nigg v. Merit Sys. Prot. Bd.*, 321 F.3d 1381, 1384 (Fed. Cir. 2003). A denial of premium pay is not a reduction in pay that is appealable to the Board. *Id.*

We have considered each of Mr. Perkins's remaining arguments, and we conclude that the Board should be affirmed.

**AFFIRMED**

COSTS

No Costs.