**UNITED STATES COURT OF APPEALS**

**May 21, 2014**

**TENTH CIRCUIT**

FRANKLIN R. PERKINS,

      Plaintiff - Appellant,

v.

DEPARTMENT OF THE AIR
FORCE,

      Defendant - Appellee.

No. 14-6034
(D.C. No. 5:13-CV-00114-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.[**]

Plaintiff–Appellant Franklin R. Perkins pro se appeals from a district court

order transferring his case to the Federal Circuit. Because we lack jurisdiction to

review that transfer, we dismiss his appeal for lack of subject matter jurisdiction.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## Background

The facts of Mr. Perkins's case are best stated by the Federal Circuit:

> Mr. Perkins was promoted by the Department of the Air Force to the position of Planning Chief in the Sheetmetal and Composites Production Branch. Mr. Perkins's promotion was subject to a probationary period of one year. Several months later, the Air Force demoted Mr. Perkins for failing to meet the duties and responsibilities associated with his supervisory role. The Air Force informed Mr. Perkins that he would be returned to a nonsupervisory position of no lower pay and grade than the position that he occupied prior to his promotion.
>
> Mr. Perkins petitioned the [Merit Systems Protection Board] to review his demotion, alleging that he was demoted under false pretenses. Mr. Perkins further alleged that his pay had discrepancies for a period of almost three years. On March 26, 2012, an Administrative Judge (AJ) issued an initial decision that dismissed Mr. Perkins's appeal for lack of jurisdiction. The AJ concluded that the Board did not have jurisdiction because Mr. Perkins had failed to establish that he was demoted due to "partisan politics" or "marital status" as required by 5 C.F.R. § 315.908.
>
> On April 30, 2012, Mr. Perkins filed a petition for review of the AJ's Initial Decision. In response, the Board issued its Final Order on December 5, 2012, denying Mr. Perkins's petition. The Board concluded that Mr. Perkins had shown no error in the AJ's finding that Mr. Perkins had failed to establish Board jurisdiction over his demotion. The Board also concluded that it did not have jurisdiction to address Mr. Perkins's allegations concerning differential pay.

Perkins v. Merit Sys. Protection Bd., 534 F. App'x 988, 988-89 (Fed. Cir. 2013)

(per curiam) (unpublished) (internal citations omitted).

Mr. Perkins initially appealed the Merit Systems Protection Board's final order not to the Federal Circuit, but to the federal district court (Western District of Oklahoma). R. 4. The district court concluded that it lacked jurisdiction to hear his appeal because the "Federal Circuit has exclusive jurisdiction over appeals from final orders of the Merit Systems Protection Board." Perkins v. Dep't of Air Force, No. Civ-13-114M (W.D. Okla. Feb. 5, 2013) (citing 5 U.S.C. § 7703(b)(1)); R. 101. In the interest of justice, the district court transferred Mr. Perkins's case to the Federal Circuit so that it could be heard in the proper forum. Id. (citing 28 U.S.C. § 1631). On October 11, 2013, the Federal Circuit affirmed the Board's decision in full. Perkins, 534 F. App'x at 989.

On December 17, 2013—well after the Federal Circuit issued its opinion—Mr. Perkins moved the district court to review its order transferring his case to the Federal Circuit, arguing that the Federal Circuit and Board's decisions "violate previous decisions and what the law states." R. 27. On January 8, 2014, Mr. Perkins moved the district court to reopen his case because the "Federal Circuit Order affirming the Board's Initial Decision and Final Order conflict and contradict law, previous cited decisions and opinions and the 5th and 14 Amendment of U.S. Constitution." R. 57 (errors in original). On January 13, 2014, the district court again found that it lacked jurisdiction to hear Mr. Perkins's appeal and declined to rule on his motions. Perkins, No. Civ-13-114M (W.D. Okla. Jan 13, 2014); R. 346. Mr. Perkins appealed to this court.

- 3 -

<u>Discussion</u>

We review subject matter jurisdiction de novo. <u>Ingram v. Faruque</u>, 728 F.3d 1239, 1243 (10th Cir. 2013).

The courts of appeals have jurisdiction to review decisions of the district courts, <u>see</u> 28 U.S.C. § 1291, not the other way around. Mr. Perkins's motions chiefly asked the district court to review a decision of the Court of Appeals for the Federal Circuit; therefore, they lack any basis in federal law.

Mr. Perkins asks us to review the district court's decision to transfer his appeal to the Federal Circuit. <u>See</u> Aplt. Br. 2, 24. We have noted that "transfer orders based on the transferor court's finding that it lacked subject matter jurisdiction" are unappealable because they are not "final decisions" under 28 U.S.C. § 1291. <u>Fed. Deposit Ins. Corp. v. McGlamery</u>, 74 F.3d 218, 221 (10th Cir. 1996); <u>see also</u> <u>Brinar v. Williamson</u>, 245 F.3d 515, 517-18 (5th Cir. 2001). Such orders are not "effectively unreviewable," however, because the transferee court "can indirectly review the transfer order" if the party opposing transfer moves "for retransfer of the case." <u>McGlamery</u>, 74 F.3d at 221.

The same holds true here. The Federal Circuit was fully capable of reviewing the district court's order to transfer to that court. <u>Cf.</u> 28 U.S.C. § 1292(d)(4)(A). Mr. Perkins did not press the issue but rather acceded to that court's jurisdiction. <u>See</u> R. 153 (requesting the Federal Circuit award damages, attorneys fees, and other relief deemed appropriate), 315 (supporting jurisdiction

based on "transfer[] to the Court of Appeals for the Federal Circuit").  We have no authority to review the Federal Circuit's exercise of jurisdiction.  Cf. Celotex Corp. v. Edwards, 514 U.S. 300, 313 (1995).  And because the district court's transfer order is not an appealable decision, we lack jurisdiction over this appeal.

APPEAL DISMISSED.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge